# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00171-CV

**Texas Department of Insurance, Division of Workers' Compensation, Appellant**

**v.**

**The Insurance Company of the State of Pennsylvania, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-04-003939, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

The Division of Workers' Compensation, Texas Department of Insurance, (Division)[1] appeals a final summary judgment declaring that The Insurance Company of the State of Pennsylvania (ICSP) is entitled to reimbursement from the subsequent injury fund pursuant to section 410.209 of the labor code and ordering that reimbursement be made. *See* Tex. Lab. Code Ann. § 410.209 (West 2006). In two issues, the Division asserts that the district court erred in granting summary judgment because (1) ICSP could not obtain declaratory relief from the district court because "the same issue involved in the declaratory judgment action" was already

---

[1] The statutory responsibilities now vested in the Division were formerly vested in the Texas Workers' Compensation Commission. Effective September 1, 2005, the legislature abolished the Commission and transferred its statutory responsibilities and rules to the Division. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 8.001(b), .004(a), 2005 Tex. Gen. Laws 607, 608. Relevant events in this case occurred both before and after that date. For clarity, we will use "the Division" to refer to both the former and successor entities.

pending before another court; and (2) the judgment made the basis of ICSP's reimbursement claim under section 410.209 was "void" because ICSP failed to comply with labor code section 410.258 before obtaining it. *See id.* § 410.258 (West 2006). Additionally, the dissent sua sponte disputes whether the district court had subject-matter jurisdiction over ICSP's claims. We conclude that the district court had subject-matter jurisdiction and that it did not err in granting summary judgment. Accordingly, we will affirm the judgment.

The underlying facts are undisputed. ICSP, a workers' compensation insurance carrier, was ordered by a Division hearing officer to pay benefits to an injured worker. ICSP began paying benefits. ICSP challenged the hearing officer's decision in the Division's appeals panel, which affirmed the decision. ICSP then brought a suit for judicial review in Dallas County district court. On November 15, 2000, the Dallas County district court rendered final summary judgment (the 2000 judgment) reversing the appeals panel order on the ground of no compensable injury (i.e., ICSP owed no benefits after all). The claimant did not appeal, and it is undisputed that the 2000 judgment is final for appellate purposes.

ICSP subsequently requested the Division to reimburse it for the benefit payments it had made before the 2000 judgment. Section 410.209 of the labor code entitles a workers' compensation carrier that has paid benefits under an "interlocutory order or decision" of the Division to be reimbursed from the subsequent injury fund for any such payments if that order or decision is ultimately "reversed or modified by final arbitration, order, or decision of the commissioner or a court." *Id.* § 410.209. The Division refused to reimburse ICSP. It took the position that ICSP had not complied with section 410.258 of the labor code before obtaining the

2000 judgment and that this failure rendered the judgment "void" for purposes of seeking reimbursement under section 410.209. Section 410.258 provides:

(a)     The party who initiated a proceeding under this subchapter or Subchapter G [governing suits for judicial review from appeals panel decisions] must file any proposed judgment or settlement made by the parties to the proceeding, including a proposed default judgment, with the division not later than the 30th day before the date on which the court is scheduled to enter the judgment or approve the settlement. The proposed judgment or settlement must be mailed to the division by certified mail, return receipt requested.

(b)     The division may intervene in a proceeding under Subsection (a) not later than the 30th day after the date of receipt of the proposed judgment or settlement.

(c)     The commissioner shall review the proposed judgment or settlement to determine compliance with all appropriate provisions of the law. If the commissioner determines that the proposal is not in compliance with the law, the division may intervene as a matter of right in the proceeding not later than the 30th day after the date of receipt of the proposed judgment or settlement. The court may limit the extent of the division's intervention to providing the information described by Subsection (e).

(d)     If the division does not intervene before the 31st day after the date of receipt of the proposed judgment or settlement, the court shall enter the judgment or approve the settlement if the court determines that the proposed judgment or settlement is in compliance with all appropriate provisions of the law.

(e)     If the division intervenes in the proceeding, the commissioner shall inform the court of each reason the commissioner believes the proposed judgment or settlement is not in compliance with the law. The court shall give full consideration to the information provided by the commissioner before entering a judgment or approving a settlement.

(f)     A judgment entered or settlement approved without complying with the requirements of this section is void.

*Id.* § 410.258. The Division maintained that section 410.258 required ICSP to send it a copy of the proposed summary-judgment order it was seeking from the Dallas County district court at least 30 days before that court signed the order. While ICSP had provided the Division 21 days' notice, it had not given the agency the full 30 days' notice the Division contended was required.

ICSP responded to the Division's refusal in two ways. It first filed a "Motion to Re-Enter Judgment" in the Dallas County district court that had rendered the 2000 judgment. ICSP's motion, filed almost three years after the 2000 judgment, does not seek any substantive change in the 2000 judgment but only to re-enter the same judgment at a later date. The effect of re-entering the judgment would be to moot the Division's complaint regarding section 410.458 because it would be undisputed that the Division would have had more than 30 days' notice of the proposed new judgment. *See id.* § 410.258(a). This motion has remained pending.

ICSP subsequently filed a separate suit in Travis County district court against the Division. ICSP asserted a cause of action under the Uniform Declaratory Judgments Act[2] for a declaration enforcing what ICSP claimed were its rights to reimbursement under labor code section 410.209. This Court has held that section 410.209 (or a predecessor) waives sovereign immunity and creates a statutory right of reimbursement that the carrier can enforce through a UDJA action. *See Texas Workers' Comp. Comm'n v. Continental Cas. Co.*, 83 S.W.3d 901, 904-05 (Tex. App.—Austin 2002, no pet.); *Everest Nat'l Ins. Co. v. Texas Workers' Comp. Comm'n*, 80 S.W.3d 269, 272-75 (Tex. App.—Austin 2002, no pet.); *Texas Workers' Comp. Comm'n v. Texas Builders Ins. Co.*, 994 S.W.2d 902, 905-07 (Tex. App.—Austin 1999, pet. denied). ICSP's

---

[2] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008).

4

declaratory-judgment suit was later transferred to Travis County, and it is from those proceedings that the present appeal arose.

ICSP moved for summary judgment on its UDJA claim. To establish a right to reimbursement under section 410.209, ICSP was required to prove that (1) it was required to pay workers' compensation benefits by an "interlocutory order or decision" of the Division; (2) it paid benefits under the interlocutory order; (3) the order was ultimately "reversed or modified"; and (4) by a "final . . . order or decision of . . . the commissioner or a court." *See* Tex. Lab. Code Ann. § 410.209. In support of its summary-judgment motion, ICSP presented evidence that (1) a Division hearing officer had ordered it to pay benefits and that the appeals panel had affirmed the order; (2) ICSP had paid benefits pursuant to those orders; (3) ICSP had sued for judicial review of the appeals panel decision in Dallas County district court and obtained the 2000 judgment reversing the appeals panel order; and (4) the 2000 judgment was final for appellate purposes. Proof of the latter element included the Division's admissions that the 2000 judgment was a "final decision of a court" and a "final order of a court."

In response, the Division did not attempt to controvert any of these elements and, in fact, conceded that the 2000 judgment was "final and valid" with respect to ICSP's liability for paying workers' compensation benefits on behalf of the claimant. Instead, as its sole ground in opposition to summary judgment, the Division asserted that ICSP's noncompliance with the notice requirements of labor code section 410.258 rendered the 2000 judgment "void" under subsection (f) of section 410.258. And section 410.209, the Division further contended, must be construed in light of section 410.258 to preclude reliance on a "final . . . order or decision of . . . a

5

court" that is "void" under section 410.258(f) as a basis for reimbursement from the subsequent injury fund. This is so, the Division asserted, even when the order or decision is otherwise "final and valid" as between the workers' compensation carrier and the injured worker. *See Newsom v. Ballinger Indep. Sch. Dist.*, 213 S.W.3d 375, 379 (Tex. App.—Austin 2006, no pet.) (holding that finality of judgment for purposes of appeal was not contingent on compliance with section 410.258, as "[a] judgment can become final even if it is void") (citing *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex. 1985) (per curiam)). The Travis County district court granted summary judgment for ICSP.

On appeal, the Division brings forward its contentions regarding labor code section 410.258. It also argues—for the first time—that ICSP cannot obtain the declaratory relief it seeks in the present proceeding because "the same issue involved in the declaratory judgment action before this Court" was already pending before the Dallas County district court when ICSP filed its declaratory action. *See Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970). It elaborates that "[t]he Dallas district court's disposition of ICSP's Motion to Re-enter Judgment will decide the same issue raised in ICSP's declaratory judgment action, namely whether the November 15, 2000, judgment is the Dallas court's final judgment." Specifically, the Division reasons, the Dallas County district court will have to determine whether it still retains plenary power over the 2000 judgment, *see Metropolitan Transit Auth. v. Jackson*, 212 S.W.3d 797, 803 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding that non-compliance with section 410.258 rendered prior judgment "void" such that trial court's plenary power did not expire), or whether, as the Division contends, the 2000 judgment was final for appellate purposes

6

(even if "void" under section 410.258) such that its plenary power has expired, *see Newsom*, 213 S.W.3d at 379.

Before reaching ICSP's appellate contentions, however, we must first address a threshold question of subject-matter jurisdiction that the dissent has raised sua sponte. The dissent asserts that ICSP's declaratory-judgment action runs afoul of the concept that a trial court has no subject-matter jurisdiction to entertain a declaratory-judgment action to "interpret a prior judgment." That limitation is not implicated here.

The concept that trial courts lack subject-matter jurisdiction to entertain declaratory actions to interpret or construe a prior judgment is based on three related and overlapping principles. First, trial courts lack subject-matter jurisdiction over a suit to interpret a prior final judgment because there is no justiciable controversy—the underlying controversy has already been resolved by the final judgment. *See Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353-54 (Tex. App.—San Antonio 1999, pet. denied) (holding no justiciable controversy existed when plaintiffs sought to clarify their rights regarding easements and a well as determined by a previously entered partition order). Second, a trial court's subject-matter jurisdiction cannot be invoked by the assertion of an ostensible cause of action under the UDJA to interpret a final judgment because the Act, when authorizing courts to declare parties' rights under statutes, ordinances, contracts, etc., did not include "judgments" among the instruments that courts may construe. *See Speaker v. Lawler*, 463 S.W.2d 741, 742 (Tex. Civ. App.—Beaumont 1971, writ ref'd n.r.e.). Third, it has been held that a declaratory-judgment action to "interpret" a prior judgment, even if not explicitly praying for its invalidation, would amount to an impermissible "collateral attack" on the prior judgment.

7

*Rapid Settlements, Ltd. v. SSC Settlements, LLC*, 251 S.W.3d 129, 140-41 (Tex. App.—Tyler 2008, no pet.); *Martin*, 2 S.W.3d at 353-54. The concern in the latter category of cases has been that declaratory actions to "interpret" prior judgments, if permitted, would enable litigants to circumvent the procedural limitations on direct and collateral attacks on judgments. *See Bonham State Bank v. Beadle*, 907 S.W.2d 465, 468 (Tex. 1995); *Rapid Settlements*, 251 S.W.3d at 140-41; *Speaker*, 463 S.W.2d at 743.

These concerns are not implicated by ICSP's declaratory-judgment action here. The justiciable controversy underlying the 2000 judgment in ICSP's suit for judicial review concerned whether ICSP was liable to pay workers' compensation benefits on behalf of the claimant. In contrast, the controversy underlying ICSP's declaratory-judgment action concerns ICSP's rights vis-à-vis the Division under a different provision of the workers' compensation act, section 410.209. Although the existence, content, and finality of the 2000 judgment are among the elements that ICSP must prove to recover under section 410.209, it remains that the justiciable controversy underlying its declaratory-judgment claim concerns the existence of a statutory right that is distinct from the rights and duties that were determined by the 2000 judgment. *Cf. Bonham State Bank*, 907 S.W.2d at 467-69 (holding bank's assertion of right to offset one final judgment against another presented a justiciable controversy and court of appeals incorrectly had likened suit to suits seeking interpretation of a prior judgment); *Martin*, 2 S.W.3d at 353-54. Furthermore, ICSP's declaratory-judgment action is not in the nature of a collateral attack on the 2000 judgment. To the contrary,

ICSP relies on the 2000 judgment as the basis for its claim to reimbursement under section 410.209.[3] And whether ICSP is entitled to reimbursement turns on construction of statutes—i.e., the relationship, if any, between sections 410.209 and 410.258 and whether the latter applies here—and not construction of the 2000 judgment, per se. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2008) ("A person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder.").

ICSP's declaratory-judgment action does not seek to impermissibly "interpret a prior judgment," and we hold that the Travis County district court possessed subject-matter jurisdiction to adjudicate it. We now turn to the Division's appellate challenges.

Regarding the Division's first issue, in which it contends ICSP cannot obtain declaratory relief to enforce its rights under section 410.209 because its claim presents "the same issues" pending in the Dallas County district court, the Division waived this ground by failing to raise it in its response to ICSP's motion for summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). As for the Division's second issue, concerning whether ICSP can obtain reimbursement under labor code section 410.209 when it did not comply with section 410.258, the undisputed summary-judgment evidence reflects that ICSP's summary-judgment motion against the injured worker was contested. Consequently, under the precedent of this Court, ICSP was not required to comply with section 410.258 before obtaining the

---

[3] Nor does the Division attempt to collaterally attack the 2000 judgment in this proceeding. Instead, as noted, it acknowledges that the judgment is final and valid as between ICSP and the claimant, but disputes whether the judgment can be a basis for recovery under section 410.209.

9

2000 judgment.  *See Texas Prop. & Cas. Ins. Guar. Ass'n for Petrosurance Cas. Co. v. Brooks*, 269 S.W.3d 645, 648-51 (Tex. App.—Austin 2008, no pet.) (section 410.258 does not apply "to judgments entered by the trial court that were not submitted or proposed to the court by agreement of the parties or [as] the result of a default by the defendant").

The district court below did not err in granting summary judgment in favor of ICSP. We affirm the judgment.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton;
     Dissenting Opinion by Justice Puryear

Affirmed

Filed:   February 12, 2010