TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00340-CV






Ronald R. Wagner, Appellant


v.


Roberto D'Lorm and Edward P. Dancause, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. D-1-GN-07-000102, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING





O P I N I ON



 Appellant Ronald R. Wagner sued appellees Roberto D'Lorm and Edward P.
Dancause (1) in Travis County district court seeking a declaration that a default judgment previously
obtained by D'Lorm and his attorney, Dancause, against Wagner in a Zapata County district court
was void. D'Lorm filed a plea to the jurisdiction asserting that the trial court did not have
subject-matter jurisdiction to declare void the judgment of another district court. Wagner moved for
summary judgment on his declaratory-judgment claim. The trial court granted D'Lorm's plea to the
jurisdiction and denied summary judgment for Wagner, finding summary judgment "improper" for
jurisdictional reasons. In a single issue on appeal, Wagner asserts that the trial court erred in
granting D'Lorm's plea to the jurisdiction and in denying his motion for summary judgment
because the Zapata County default judgment is void and, therefore, may be collaterally attacked in
another court of equal jurisdiction. We will reverse the trial court's order and remand the cause for
further proceedings.


FACTUAL AND PROCEDURAL BACKGROUND

 In 2003, D'Lorm filed suit against Ronald R. Wagner & Co, L.P., a Texas limited
partnership ("the partnership"), in Zapata County seeking damages for injuries he allegedly received
in an accident with a vehicle that was owned and operated by the partnership. The record indicates
that D'Lorm made several unsuccessful attempts to serve the partnership by serving Wagner, who
was a limited partner in the partnership and its agent for service. The record does not reflect that
Wagner was ever served, either personally or as agent for the partnership. The record also shows
that Wagner was never added as an individual defendant in the Zapata County lawsuit, nor did he
appear in any capacity before the Zapata County district court. Even though Wagner was not a party
to the suit and evidently had not been served, the Zapata County court rendered a default judgment
against him personally. The record shows that the style on the default judgment was different from
previous documents filed in the case. Whereas previous pleadings were styled "Roberto D'Lorm
v. Ronald R. Wagner & Co, L.P.," the judgment was styled "Roberto D'Lorm v. Ronald R. Wagner." 
The judgment recited that "Defendant, although duly cited to appear and answer herein, has failed
to file an answer within the time allowed by law" and awarded D'Lorm damages against Wagner.

 In January 2007, about three years and five months after the default judgment was
rendered, Wagner filed suit against D'Lorm and his attorney, Dancause, in Travis County district
court seeking a declaration that the Zapata County default judgment was void. Wagner also sought
damages for slander of title and injury to his credit reputation, but he ultimately nonsuited those
claims. D'Lorm answered and filed a plea to the jurisdiction asserting that "one district court cannot
overturn the judgments and decrees of another," and that the trial court therefore lacked jurisdiction
to consider Wagner's request for declaratory relief. Before the trial court ruled on D'Lorm's plea
to the jurisdiction, Wagner filed a motion for summary judgment on his claim for declaratory relief,
arguing that the Zapata County default judgment was void. After hearing arguments, the trial court
granted D'Lorm's plea to the jurisdiction and denied Wagner's motion for summary judgment on
the ground that it was "improper," citing issues relating to the court's jurisdiction. Wagner perfected
this appeal.


STANDARD OF REVIEW

 Whether a court has subject-matter jurisdiction is a question of law, which we review
de novo. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). When
reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings,
construed in favor of the plaintiff, and any evidence relevant to jurisdiction without considering the
merits of the claim beyond the extent necessary to determine jurisdiction. Id. at 226-27; County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). In the present case, D'Lorm's plea to the
jurisdiction asserted that Wagner failed to plead a cause of action within the subject-matter
jurisdiction of the Travis County district court. No jurisdictional evidence was submitted.

 In a challenge solely to the pleadings, we decide if the plaintiff has alleged sufficient
jurisdictional facts to show the trial court's subject-matter jurisdiction, using a liberal construction
in favor of the plaintiff. Miranda, 133 S.W.3d at 226. If the plaintiff's pleadings "affirmatively
negate the existence of jurisdiction," then a plea to the jurisdiction may be granted without affording
the plaintiff an opportunity to amend his pleadings. Id. at 226-27. If, however, the pleadings do not
"demonstrate incurable defects in jurisdiction," but merely fail to allege sufficient facts to
affirmatively show the trial court's jurisdiction, then the plaintiff should be given an opportunity to
amend. Id.


DISCUSSION

 In his sole point of error, Wagner asserts that the trial court erred when it granted
D'Lorm's plea to the jurisdiction and denied his motion for summary judgment. Wagner contends
that he mounted a valid collateral attack on the Zapata County judgment by alleging facts showing
that the judgment is void because the Zapata County court lacked jurisdiction over him as he was
neither served nor was a party to the suit. Wagner asserts that "because the [Zapata County]
judgment is void . . . it can be collaterally attacked in any court of equal jurisdiction." D'Lorm
counters that Wagner has failed to properly employ the options available to him to challenge the
Zapata County judgment. Citing McEwen v. Harrison, 345 S.W.2d 706 (Tex. 1961), D'Lorm
contends that Wagner should have filed a bill of review in the Zapata County district court that
rendered the default judgment. Because Wagner failed to file a bill of review in Zapata
County during the time allowed, D'Lorm asserts that he has "waived any rights to attack the
[default] judgment."


The Travis County District Court's Subject-Matter Jurisdiction

 In this appeal from the grant of D'Lorm's plea to the jurisdiction on the pleadings,
our task is to decide whether Wagner has pleaded sufficient jurisdictional facts to invoke the trial
court's subject-matter jurisdiction, using a liberal construction of his pleadings. Miranda,
133 S.W.3d at 226. In his petition, Wagner alleged that the Zapata County default judgment is void
because he was neither named as a party nor served with process:


D'Lorm was involved in an accident . . . with a vehicle owned and operated by
RONALD R. WAGNER & CO. L.P., a Texas Limited Partnership. . . . [Defendants]
filed [D'Lorm's petition] in the 49th Judicial District of Zapata County, Texas, in
Cause No. 5,368 styled ROBERTO D'LORM, PLAINTIFF V. RONALD R.
WAGNER & CO., LP, a Texas Limited Partnership. Plaintiff RONALD R.
WAGNER was not named a Defendant, nor was he ever served with process. . . . On
August 29th, 2003, [the defendants] took a Default Judgment against [Wagner
personally] . . . notwithstanding the fact that [Wagner] was neither a named
Defendant or ever served with process. . . . The trial court had no jurisdiction over
[Wagner] . . . . Inasmuch as [Wagner] was not a Defendant in Cause No. 5,368, nor
was he served with process, the 49th Judicial District Court of Zapata County, Texas
had no jurisdiction over [Wagner] and the Default Judgment against him should be
declared void and of no further force and effect.



 A judgment is void, and thus may be collaterally attacked, if the rendering court had
"no jurisdiction over a party or his property, no jurisdiction of the subject matter, no jurisdiction to
enter the particular judgment, or no capacity to act as a court." Austin Indep. Sch. Dist. v. Sierra
Club, 495 S.W.2d 878, 881 (Tex. 1973); see also Browning v. Prostok, 165 S.W.3d 336, 346 (Tex.
2005) (same); Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (same). 
For a court to have personal jurisdiction over the defendant, the defendant must be amenable to the
jurisdiction of the court and the plaintiff must have invoked that jurisdiction by valid service of
process on the defendant. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985). 
This Court has also held that a judgment may be collaterally attacked because of "fundamental
error." Texas Dep't of Transp. v. T. Brown Constructors, Inc., 947 S.W.2d 655, 659 (Tex.
App.--Austin 1997, pet. denied). Fundamental error occurs where "the record shows the court
lacked jurisdiction or that the public interest is directly or adversely affected as that interest is
declared in the statutes or the Constitution of Texas." Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex.
1982). A court's rendition of judgment against a party not named in the suit is fundamental error. 
Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991). 

 Here, Wagner pleaded that he was neither named as a party nor served with process. 
If true, that would mean that the Zapata County district court committed fundamental error by
rendering judgment against Wagner because he was not a party, see id., and that the court lacked
personal jurisdiction over Wagner when it rendered default judgment against him because he was
not served, Kawasaki Steel Corp., 699 S.W.2d at 200. For either reason, the default judgment
rendered against him would be void and subject to collateral attack. See Austin Indep. Sch. Dist.,
495 S.W.2d at 881. 

 We need not decide at this juncture whether the Zapata County default judgment is
actually void. Having decided that Wagner's pleaded facts, if true, would render the Zapata County
default judgment void, we need only determine whether the Travis County district court had
jurisdiction to entertain his suit.

 The supreme court addressed this issue by implication in Browning v. Placke, a
mandamus action in which the relator sought relief from an order rendered by a Lee County district
court that declared void a judgment rendered three years earlier by a Dallas County district court. 
698 S.W.2d 362, 363 (Tex. 1985). The plaintiffs in the Lee County suit argued that the Dallas
County judgment was void because it was rendered without the joinder of an "indispensable" party. 
Id. In rejecting that argument, the supreme court held that failure to join an indispensable party does
not render a judgment void. Id. The court reiterated that unless a judgment is void for one of the
four reasons listed in Austin Independent School District--i.e., no jurisdiction over a party or his
property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no
capacity to act as a court--it is not subject to collateral attack in another court of equal jurisdiction. 
Id. The court held that the declaration issued by the Lee County court, therefore, was error. Id.
("[T]he Lee County district court declared void a judgment which has not been shown to have been
rendered by a court without jurisdiction to do so. . . . [T]hat action conflicts with Austin Independent
School District . . . ."). Thus, the Dallas County judgment may have been voidable, but it was not
void, and so could not be successfully collaterally attacked. Id.

 We draw two conclusions from Browning. The first is that if a challenged judgment
is void, a different, co-equal court can properly render judgment declaring it void. This conclusion
follows logically from the holding of the case and, more specifically, from the opening paragraph
of the court's opinion:


This original mandamus proceeding presents the question whether a district court
may declare void the judgment of another district court. We hold that absent a
showing that the prior court lacked jurisdiction, no such declaration is permissible. 



Id. at 362 (emphasis added). The second conclusion--the one that answers the question presented
here--follows as a matter of course: if the trial court may properly render such a judgment, it
necessarily must have jurisdiction to render it. 

 Other cases addressing the issue directly or in dicta also hold or imply that courts
have jurisdiction to declare void the judgment of another court. See, e.g., Segrest v. Segrest,
649 S.W.2d 610, 613 (Tex. 1983) ("[T]he Segrests' 1974 divorce decree should be viewed as being
erroneous or voidable, as opposed to being void. . . . Mr. Segrest's suit for declaratory judgment is
therefore not a remedy available to him to set aside the final decree of divorce rendered in 1974."
(emphasis in original)); Dallas County Tax Collector v. Andolina, 303 S.W.3d 926, 930 (Tex.
App.--Dallas 2010, no pet.) ("The Andolinas do not contend the bankruptcy court's order
confirming Horizon's plan of reorganization was void. Therefore, any collateral attack on the
bankruptcy court's confirmation order must fail."); Cohen v. Cohen, 632 S.W.2d 172, 173 (Tex.
App.--Waco 1982, no writ) (party in declaratory-judgment action brought to construe provisions
of otherwise final divorce decree did not allege the decree was void, therefore declaratory judgment
not permitted).


McEwen v. Harrison Is Not Applicable

 D'Lorm argues that Wagner has "waived any rights to attack the [default] judgment"
in the present case because he failed to employ one of the remedies enumerated in McEwen
v. Harrison, 345 S.W.2d 706 (Tex. 1961). McEwen and its progeny hold that, on direct attack, 


when the time for filing a motion for new trial has expired and relief may not be
obtained by appeal, a proceeding in the nature of a bill of review is the exclusive
method of vacating a default judgment rendered in a case in which the court had
jurisdictional power to render it.



Id. at 709 (construing Texas Rule of Civil Procedure 329b to limit remedies used to directly attack
judgment). The phrase "jurisdictional power" means "'jurisdiction over the subject matter, the
power to hear and determine cases of the general class to which the particular one belongs.'" 
Middleton v. Murph, 689 S.W.2d 212, 213 (Tex. 1985) (quoting Deen v. Kirk, 508 S.W.2d 70, 72
(Tex. 1974)). D'Lorm asserts that, because the Zapata County court had subject-matter jurisdiction
in that case and the time for filing an appeal from that judgment has expired, Wagner's only remedy
"to attack" the judgment was a proceeding in the nature of a bill of review. We disagree.

 McEwen applies only to a direct attack on a judgment, not to a collateral attack. See
345 S.W.2d at 710 (holding that rule 329b's limits apply to "all remedies in the nature of direct
attacks"). A direct attack on a judgment is defined as 


a proceeding instituted for the purpose of correcting the earlier judgment. It may be
brought in the court rendering the judgment or in another court that is authorized to
review the judgment on appeal or by writ of error [i.e., restricted appeal]. The
purpose of a direct attack is to change the former judgment and secure the entry of
a correct judgment in lieu of the earlier incorrect one.


Austin Indep. Sch. Dist., 495 S.W.2d at 881. Here, Wagner does not seek to "correct" the Zapata
County judgment, nor does he seek to "change" it and secure entry of a "correct judgment" in lieu
thereof. Nor does he seek to have the judgment vacated or set aside. Moreover, Wagner brought
his attack in a different court from the one that rendered the judgment under attack. A direct attack
must be brought in the court that rendered the judgment under attack because only that court or a
higher court on appeal may amend or vacate it. See id. at 881. For these reasons, Wagner's attack
here is properly classified as collateral, not direct. (2) See also Browning, 698 S.W.2d at 363 (appeal
from declaration rendered by one court declaring judgment of another court void is collateral attack);
Empire Gas & Fuel Co. v. Albright, 87 S.W.2d 1092, 1096 (Tex. 1935) (attack on judgment of
one court in another court is collateral attack); Baqdounes v. Baqdounes, No. 01-07-01102-CV,
2009 WL 214508, at *2 (Tex. App.--Houston [1st Dist.] Jan. 29, 2009, pet. denied) ("[The
plaintiff's] attack on the prior . . . judgment does not attempt to secure the rendition of a single,
correct judgment in place of an earlier one. [The Plaintiff therefore] brings a collateral attack on . . .
the decree."). Because Wagner did not mount a direct attack on the Zapata County judgment, the
limitations imposed by McEwen and rule 329b do not apply here.


"Judgment-Interpretation Cases" Are Not Applicable

 The present case is also distinguishable from the line of cases holding that a court has
no jurisdiction to render declaratory judgment to "interpret" a prior judgment. In the present case,
Wagner does not seek to "interpret" the Zapata County judgment, i.e., he does not ask the court to
construe the judgment's substantive provisions. See, e.g., Martin v. Dosohs I Ltd., 2 S.W.3d 350,
354 (Tex. App.--San Antonio 1999, no pet.) (no jurisdiction to use declaration to construe
substantive provisions of land-partition judgment); Sutherland v. Sutherland, 560 S.W.2d 531, 533
(Tex. Civ. App.--Texarkana 1978, writ ref'd n.r.e.) (no jurisdiction to construe relative rights and
duties of parties with respect to provisions of final order of divorce). Wagner does not seek to
relitigate the merits of the controversy decided by the judgment under attack, nor does he attempt to
avoid the procedural limitations for attacking judgments. Further, as we hold here, Wagner's request
for declaratory relief is not an "improper" collateral attack. See Rapid Settlements, Ltd. v. SSC
Settlements, LLC, 251 S.W.3d 129, 140 (Tex. App.--Tyler 2008, no pet.) (declaratory-judgment
action is improper if it collaterally attacks judgment not alleged to be void). For these reasons, the
present case is fundamentally different from "judgment-interpretation" cases. See Texas Dep't. of
Ins., Div. of Workers' Comp. v. Insurance Co., 306 S.W.3d 897, 902-03 (Tex. App.--Austin 2010,
no pet.) (analyzing reasons why courts lack subject-matter jurisdiction to interpret final judgments).

 In light of the foregoing, we hold that Wagner's pleadings were sufficient to give the
trial court subject-matter jurisdiction to adjudicate his claims for declaratory relief. The court
therefore erred when it granted D'Lorm's plea to the jurisdiction. We sustain that portion of
Wagner's issue on appeal.


Denial of Wagner's Motion for Summary Judgment

 In the second portion of his issue on appeal, Wagner asserts that the trial court erred
in denying his motion for summary judgment on his claims for declaratory relief. The trial court
denied Wagner's motion in light of its decision that it lacked jurisdiction to adjudicate his
declaratory-judgment claim. The denial of a motion for summary judgment is generally not
reviewable on appeal. See Texas Mun. Power Agency v. Public Util. Comm'n, 253 S.W.3d 184, 192
(Tex. 2007). In any event, because the cause must be remanded in light of our holding that the trial
court did not lack subject-matter jurisdiction, we need not address the denial of Wagner's motion
for summary judgment.


CONCLUSION

 We hold that the trial court had subject-matter jurisdiction to hear and consider
Wagner's declaratory-judgment suit. We therefore reverse the district court's dismissal order and
remand the cause to that court for further proceedings. 



 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Remanded

Filed: June 2, 2010
1. Dancause did not file a brief in this appeal.
2. Determining the type of attack mounted by Wagner here is important both for the analysis
in this appeal and because it determines the presumptions that the trial court will give to the Zapata
County judgment on remand. 


 This Court has held that, in a collateral attack, the challenger must show error on the face of
the judgment itself, Narvaez v. Maldonado, 127 S.W.3d 313, 317-18 (Tex. App.--Austin 2004, no
pet.), and the supreme court has stated that "[i]n a collateral attack, the judgment under attack is
presumed valid," Stewart v. USA Custom Paint & Body Shop, Inc., 870 S.W.2d 18, 20 (Tex. 1994). 
Nonetheless, the supreme court has also held that "[t]he presumption supporting judgments does not
apply when the record affirmatively reveals a jurisdictional defect." Alfonso v. Skadden, 251 S.W.3d
52, 55 (Tex. 2008) ("'In order for a collateral attack to be successful the record must affirmatively
reveal the jurisdictional defect."' (quoting White v. White, 179 S.W.2d 503, 506 (Tex. 1944))).