# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00680-CV

**National American Insurance Company; Texas Department of Insurance, Division of Workers' Compensation; Rod Borderlon, in his Official Capacity as Commissioner of the Division of Workers' Compensation; and the Subsequent Injury Fund, Appellants**

v.

**Texas Property and Casualty Insurance Guaranty Association for Paula Insurance Company, an impaired carrier, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-08-002865, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

National American Insurance Company (NAIC); the Texas Department of Insurance, Workers' Compensation Division (the Division); Rod Borderlon, in his official capacity as Commissioner of the Division of Workers' Compensation; and the Subsequent Injury Fund (SIF) appeal the trial court's summary judgment that appellee Texas Property and Casualty Insurance Guaranty Association is not obligated to reimburse NAIC for workers' compensation benefits NAIC paid on behalf of two injured workers. In a declaratory judgment action brought by the Guaranty Association, the trial court granted the Guaranty Association's motion for summary judgment and denied NAIC's cross motion. In four issues, appellants argue that (i) the Guaranty Association's action is an improper collateral attack on a prior judgment, (ii) NAIC's claim for reimbursement is

covered by the Property and Casualty Insurance Guaranty Act (the Guaranty Act),[1] (iii) because

NAIC's claim is covered by the Guaranty Act, the Guaranty Association is obligated to reimburse

NAIC, and NAIC was entitled to summary judgment as a matter of law, and (iv) the trial court erred

in granting summary judgment on a claim not asserted in the Guaranty Association's motion. For

the reasons that follow, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, two workers were injured while in the course and scope of their employment.

Both workers filed workers' compensation claims, and a dispute arose as to which of two companies

employed them and therefore which of two insurers was obligated to pay workers' compensation

benefits, NAIC or Paula Insurance Company. *See* Tex. Lab. Code § 406.031(a)(2) (employer liable

for compensation for employee's injury without regard to fault if injury arises out of and in course

and scope of employment). NAIC and Paula submitted the dispute to the Texas Workers'

Compensation Commission.[2] Following two interlocutory orders requiring NAIC to pay temporary

benefits to one of the workers, the commission held a benefit contested case hearing. *See id.*

§§ 410.151–.169. The hearing officer found that the workers were employed by the business insured

by NAIC and ordered NAIC to pay income and medical benefits to both workers. NAIC appealed

---

[1] *See* Act of May 25, 1971, 62nd Leg., R.S., ch. 360, § 1, 1971 Tex. Gen. Laws 1362, 1372, *repealed by* Act of May 24, 2005, 79th Leg., R.S., ch. 727, §18(a)(6), 2005 Tex. Gen. Laws 1752, 2187 (formerly codified at Tex. Ins. Code art. 21.28-C).

[2] The Texas Workers' Compensation Commission was abolished on September 1, 2005, and its functions were assumed by the Texas Department of Insurance, Division of Workers' Compensation. *See* Tex. Lab. Code § 402.001.

to the commission's appeals panel, *see id.* §§ 410.201–.208, which rendered a final decision affirming the hearing examiner's decision. *See id.* §§ 410.203–.204.

NAIC sued Paula in McLennan County district court seeking judicial review of the commission's decision. *See id.* §§ 410.251–.258. While the suit was pending, the Texas Commissioner of Insurance declared Paula an impaired carrier.[3] As a result, the Guaranty Association became required to pay the covered claims and discharge the policy obligations of Paula. *See* Former Tex. Ins. Code art. 21.28-C § 8. The Guaranty Association intervened in NAIC's suit against Paula Insurance, declaring that it was the real party in interest and obtaining removal to Travis County by agreement. *See id.* art. 21.28-C § 10(g) (venue in suit against Guaranty Association mandatory in Travis County).

Following a jury trial, the district court rendered judgment on the verdict in favor of NAIC (the prior judgment), reversing the decision of the commission appeals panel and ordering that the Guaranty Association "is liable for all workers' compensation benefits for [the two workers] pursuant to the provisions of the Texas Labor Code" and that NAIC "is discharged of any liability to [the two workers] for workers' compensation benefits." The Guaranty Association appealed to this Court, which affirmed the trial court's judgment. *See Texas Prop. & Cas. Guar. Ass'n v.*

---

[3] Under the Guaranty Act, an insurer is impaired if it has been either (1) placed in receivership by order of a court of competent jurisdiction based on a finding of insolvency and designated impaired by the commissioner of insurance or (2) designated impaired and placed in conservatorship by the commissioner of insurance. *See* Former Tex. Ins. Code art. 21.28-C, § 5(9). Although the Guaranty Act was re-codified in 2007 at Texas Insurance Code §§ 462.001– .351, the version of the statute in effect when the carrier became impaired applies to claims under policies issued by the impaired carrier. *See Latter v. Autry*, 853 S.W.2d 836, 836 n.1 (Tex. App.—Austin 1993, no writ). For ease of reference, we refer to the Guaranty Act as Former Tex. Ins. Code art. 21.28-C, the version which was in effect in June 2002 when Paula became an impaired insurer.

3

*National Am. Ins. Co.*, 208 S.W.3d 523 (Tex. App.—Austin 2006, pet. denied). The Guaranty Association appealed to the supreme court, which denied petition for review. *See Texas Prop. & Cas. Guar. Ass'n v. National Am. Ins. Co.*, No. 06-0391, 2007 Tex. LEXIS 1107, at *1 (Tex. Dec. 14, 2007) (decision without published opinion). This court issued mandate affirming the trial court's judgment on May 30, 2008.[4]

In May and July 2008, citing section 410.033 of the Texas Labor Code, NAIC made written requests to the Guaranty Association for reimbursement for income and medical benefits NAIC had paid from the date of the commission's first interlocutory order through the conclusion of the appellate process. *See* Tex. Lab. Code § 410.033. The Guaranty Association refused to reimburse NAIC and filed this action for declaratory relief seeking a declaration that it is not liable to reimburse NAIC for any amounts that NAIC paid in workers' compensation benefits for the two workers. The Guaranty Association named appellants as parties having or claiming an interest in the action.[5] *See* Tex. Civ. Prac. & Rem. Code § 37.006(a). NAIC filed a counterclaim against the Guaranty Association and cross-claims against Borderlon's predecessor as Commissioner of Insurance, Workers' Compensation Division and John Casseb as administrator of SIF for reimbursement of workers' compensation benefits paid to the two workers.

---

[4] *Available at* http://www.3rdcoa.courts.state.tx.us/opinions/event.asp?EventID=361660.

[5] Initially, the Guaranty Association named Albert Betts as a party in his official capacity as Commissioner of Insurance, Workers' Compensation Division. Betts subsequently left his position and was succeeded by appellant Rod Borderlon. In addition, the Guaranty Association named as parties having or claiming an interest Mike Geeslin, in his official capacity as Commissioner of Insurance, and John Casseb, in his official capacity as Administrator of the Subsequent Injury Fund. Geeslin was subsequently dismissed pursuant to a plea to the jurisdiction. Casseb was never served.

4

The Guaranty Association filed a motion for summary judgment based on provisions of the Labor and Insurance Codes. The Guaranty Association contended that section 410.033 of the Labor Code does not require it to reimburse NAIC because the Guaranty Association is not an insurance carrier, NAIC's request is not a "covered claim" under the Guaranty Act, and there was no interlocutory order under section 410.033. *See* Tex. Lab. Code § 410.033; Former Tex. Ins. Code art. 21.28-C, § 5(8). NAIC filed a cross motion, conceding that the Guaranty Association is not an insurance carrier, but joining issue on the remainder of Guaranty Association's grounds for summary judgment and arguing alternatively that SIF is liable to reimburse NAIC. The trial court granted the Guaranty Association's motion, denied NAIC's motion, and entered an order declaring that the Guaranty Association "is not liable to reimburse N[AIC] for any amounts that N[AIC] paid in workers' compensation benefits for" the two workers. The trial court then severed Guaranty Association's claim for declaratory relief from NAIC's cross-claims, allowing the summary judgment order to become final. This appeal followed.

## ANALYSIS

### Collateral Attack

In their first issue, appellants contend that the trial court lacked jurisdiction to hear the Guaranty Association's action because it is an impermissible collateral attack on the prior judgment. Whether a court has subject matter jurisdiction is question of law which we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted

for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). A suit need not seek to void a prior judgment to constitute a collateral attack. *See Rapid Settlements, Ltd. v.* SSC *Settlements, LLC*, 251 S.W.3d 129, 140 (Tex. App.—Tyler 2008, orig. proceeding). Even if an action has an independent purpose and contemplates some other relief, it is a collateral attack if it necessarily overrules a previous judgment in some fashion. *Browning*, 165 S.W.3d at 345 (citing *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972)). Collateral attacks on judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts. *Id.*

The Guaranty Association's action sought declaratory relief. The purpose of a declaratory judgment action is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations[.]" Tex. Civ. Prac. & Rem. Code § 37.002(b). The declaratory judgment act does not confer jurisdiction; rather it makes available the remedy of a declaratory judgment for a cause of action already within the court's jurisdiction. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353 (Tex. App.—San Antonio 1999, pet. denied). A declaratory judgment action is proper only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

Although one Texas appellate court has disagreed, *see Beadle v. Bonham State Bank*, 880 S.W.2d 160, 162 (Tex. App.—Texarkana 1994), *aff'd in part and rev'd in part on other*

6

*grounds*, 907 S.W.2d 465 (Tex. 1995), the majority of Texas courts hold that declaratory relief is not available for the interpretation of a prior judgment. *See Martin*, 2 S.W.3d at 353; *Texas Dep't of Ins., Div. of Workers' Comp. v. Insurance Co. of State of Pa.*, 306 S.W.3d 897, 904 (Tex. App.—Austin 2010, no pet) (Puryear, J., dissenting) (reviewing cases holding declaratory relief inappropriate vehicle for interpreting prior judgments). Thus, if the Guaranty Association's action for declaratory relief attempts to avoid or requires us to interpret or modify the prior judgment, it is an impermissible collateral attack, and the trial court lacked subject matter jurisdiction. *See Goldberg v. Commission for Lawyer Discipline*, 265 S.W.3d 568, 577 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Martin*, 2 S.W.3d at 353.

In its petition for declaratory judgment, the Guaranty Association did not expressly seek to void or clarify its rights under the prior judgment. It asked the court to declare its rights and status under certain statutory provisions and declare that it is not required to reimburse NAIC for benefits paid to the two workers. The Guaranty Association maintains that the issue of its obligation to reimburse NAIC is separate from its obligation to pay benefits to the two injured workers and that since the prior judgment did not address reimbursement, this action does not seek to interpret or modify the prior judgment and does not constitute a collateral attack. Appellants contend that the Guaranty Association's request for a declaratory relief is, in essence, a collateral attack because the issue of reimbursement was decided by the prior judgment holding the Guaranty Association liable for "all benefits" for the workers and its declaratory judgment action is an effort to avoid or have this Court modify that holding.

7

The concept that a trial court lacks subject matter jurisdiction to entertain declaratory judgment actions to interpret or modify a prior judgment "is based on three related and overlapping principles." *Insurance Co. of State of Pa.*, 306 S.W.3d at 902. First, the declaratory judgment act does not include "judgments" among the instruments that courts may construe. *See* Tex. Civ. Prac. & Rem. Code § 37.004(a); *Insurance Co. of State of Pa.*, 306 S.W.3d at 902; *Speaker v. Lawler*, 463 S.W.2d 741, 742 (Tex. Civ. App.—Beaumont 1971, writ ref'd n.r.e.). Second, there is no justiciable controversy because the underlying controversy has already been resolved. *Insurance Co. of State of Pa.*, 306 S.W.3d at 902; *see also Martin*, 2 S.W.3d at 353–55. Third, seeking an interpretation or modification of a prior judgment, even without asking for its invalidation, if permitted, would allow litigants to circumvent the procedural limitations on direct and collateral attacks. *Bonham*, 907 S.W.2d at 468; *Insurance Co. of State of Pa.*, 306 S.W.3d at 902.

These principles are not implicated here. The justiciable controversy underlying the prior judgment was which of the two carriers, NAIC or the Guaranty Association for Paula Insurance, was liable for workers' compensation benefits for the two injured workers as the insurer of the workers' employer. *See* Tex. Lab. Code § 406.031(a)(2); *National Am. Ins. Co.*, 208 S.W.3d at 523. In contrast, the controversy underlying the Guaranty Association's declaratory judgment action concerns NAIC's rights vis-a-vis the Guaranty Association under section 410.033 of the Labor Code and the Guaranty Act. The declaratory judgment action regarding reimbursement thus involves the existence of a statutory right that is distinct from the duty of an employer's insurer to pay benefits, the issue determined by the prior judgment. *See Insurance Co. of State of Pa.*, 306 S.W.3d at 903. Further, the Guaranty Association's request for declaratory relief does not seek

an impermissible interpretation of the prior judgment. Whether the Guaranty Association is liable to reimburse NAIC for benefits it has paid depends on interpretation of section 410.033 of the Labor Code and the Guaranty Act, not on construction of the prior judgment. *See id.*

On the record before us, we conclude that the Guaranty Association's action for declaratory relief involves a separate and distinct issue from that decided by the prior judgment, implicating different statutory provisions, *see id.*, and thus does not attempt to avoid the binding force of, or seek relief barred by, the prior judgment. *See Browning*, 165 S.W.3d at 345–46. Nor does the Guaranty Association's request seek to relitigate the merits of the controversy already decided by the prior judgment, *see Wagner v. D'Lorm*, 315 S.W.3d 188, 195 (Tex. App.—Austin 2010, no pet.); *Rapid Settlements*, 251 S.W.3d at 140, or require us to interpret, modify, or overrule in any fashion the prior judgment. *See Browning*, 165 S.W.3d at 345; *Insurance Co. of State of Pa.*, 306 S.W.3d at 903. We therefore further conclude that the Guaranty Association's action for declaratory judgment does not constitute an impermissible collateral attack. *See Browning*, 165 S.W.3d at 345–46; *Wagner*, 315 S.W.3d at 195; *Insurance Co. of State of Pa.*, 306 S.W.3d at 903.

**Jurisdiction over Reimbursement Claim**

In their first issue, appellants also contend that the trial court lacked jurisdiction because the Division has exclusive jurisdiction to determine the issue of reimbursement. Whether an agency has exclusive jurisdiction depends upon statutory interpretation and is a question of law which we review de novo. *In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex. 2004); *Subaru of Am.*, *Inc. v. David McDavid Nissan, Inc.* 84 S.W.3d 212, 221 (Tex. 2002). An administrative

9

agency has exclusive jurisdiction when the legislature gives it the sole authority to make the initial determination in a dispute. *Subaru of Am.*, 84 S.W.3d at 221 (citing *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000)). Courts are not divested of subject matter jurisdiction they would otherwise possess unless a statute expressly grants an administrative agency exclusive jurisdiction. *Id.*; *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 90 (Tex. App.—Austin 2004, pet. denied). Therefore, because statutory construction is an inherently judicial function, the trial court had jurisdiction to construe the statutes at issue in the Guaranty Association's motion for summary judgment absent an explicit grant of exclusive jurisdiction to the Division. *See Subaru of Am.*, 84 S.W.3d at 221; *Texas Dep't of Ins. v. Reconveyance Servs.*, 240 S.W.3d 418, 433 (Tex. App.—Austin 2007), *rev'd on other grounds*, 306 S.W.3d 256 (Tex. 2010); *Bexar Metro. Water Dist.*, 156 S.W.3d at 90.

The legislature has granted the Division exclusive jurisdiction over claims for workers' compensation policy benefits, which include medical, income, death, and burial benefits. *See* Tex. Lab. Code § 401.011(5); *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001); *In re Texas Mut. Ins. Co.*, 157 S.W.3d 75, 81 (Tex. App.—Austin 2004, orig. proceeding). However, we have already concluded that the right to reimbursement for a claim paid by a carrier is distinguishable from the duty of an employer's insurer to pay benefits. *See Insurance Co. of State of Pa.*, 306 S.W.3d at 903. Further, while this Court has held that the Division's exclusive jurisdiction to resolve a benefits dispute may extend to policy interpretation and determination of coverage periods, *see In re Texas Mut.*, 157 S.W.3d at 81, appellants cite no authority, and we have

10

found none, for the proposition that the Division's exclusive jurisdiction to determine policy benefit claims extends to claims for reimbursement of benefits already paid by a carrier.

Appellants contend that this Court's decisions in *In re Texas Mutual Insurance Company*, 157 S.W.3d 75 (Tex. App.—Austin 2004, pet. denied) and *Texas Mutual Insurance Company v. Texas Department of Insurance, Division of Workers' Compensation*, 214 S.W.3d 613 (Tex. App.—Austin 2006, no pet.) support the proposition that the Division has exclusive jurisdiction over NAIC's claim for reimbursement. *In re Texas Mutual Insurance Company* involved two claims—a breach of contract claim, whose resolution required a determination of policy coverage dates and a claimant's entitlement to workers' compensation benefits, and a negligence claim, whose resolution did not require a benefits determination. 157 S.W.3d at 80–81. We noted that the Division's resolution of a benefits dispute may require it to address coverage issues as necessary to resolve the benefits dispute and concluded that the Division's exclusive jurisdiction extended to the breach of contract claim, but not to the negligence claim. *Id.* In *Texas Mutual v. Texas Department of Insurance*, we concluded that the claims were similar to the negligence claim in *In re Texas Mutual Insurance Company* in that they did not concern an entitlement to workers' compensation benefits and held that the Division's exclusive jurisdiction did not extend to them. 214 S.W.3d at 619. In this case, the workers' entitlement to benefits has been determined, and, like the negligence claim in *In re Texas Mutual Insurance Company* and the claims in *Texas Mutual v. Texas Department of Insurance*, NAIC's claim for reimbursement does not require a resolution of or concern that issue. Appellants' reliance on these cases is misplaced.

11

Had NAIC raised the issue of reimbursement in the administrative proceeding, the Division could have considered it. *See* Texas Workers' Comp. Comm'n Appeals Panel No. 7, Appeal No. 961448, 1996 TX Wrk. Comp. LEXIS 4679 (Sept. 9, 1996); Texas Workers' Comp. Comm'n Appeals Panel No. 50, Appeal No. 941124, 1994 TX Wrk. Comp. LEXIS 5395 (Oct. 6, 1994). However, the Division's jurisdiction to consider reimbursement in a policy benefit dispute does not establish the Division's exclusive jurisdiction over the issue. *See Texas Mut. Ins. Co.*, 214 S.W.3d at 619 (division's jurisdiction to consider coverage issues in benefits dispute does not give it "exclusive jurisdiction over any and all workers' compensation coverage disputes wherever they might arise").

To the extent that appellants contend that sections 409.009, 410.032, and 410.033 of the Labor Code comprise part of a comprehensive and exclusive regulatory scheme and reflect a legislative intent that the Division has exclusive jurisdiction over a carrier's reimbursement claim, *see* Tex. Lab. Code §§ 409.009, 410.032, 410.033, we find that argument unpersuasive. None of these provisions expressly provides for the Division's exclusive jurisdiction over such claims. Conspicuously absent is any language granting a party seeking reimbursement a hearing before the Division. *Cf.* Tex. Lab. Code § 408.027(e) ("The insurance carrier [from whom a health care provider seeks reimbursement] is entitled to a hearing as provided by Section 413.031(d)."). Appellants do not cite, and we have not found, other statutory provisions reflecting a pervasive scheme to confer extensive authority on the Division over reimbursement claims between carriers. *See Apollo Enters. v. ScriptNet, Inc.*, 301 S.W.3d 848, 960 (Tex. App.—Austin, 2009, no pet.) (citing multiple provisions granting Division extensive authority to regulate reimbursement amounts

12

and deadlines; review, audit, and enforce payment obligations; and conduct hearings in connection with carriers' reimbursements to health care providers).  In addition, section 409.009 permits, but does not require, the filing of a subclaim with the Division for reimbursement by an insurer that has provided benefits and been denied reimbursement by a carrier.  *See id.* § 409.009.  Because "[a]brogating common-law claims is disfavored" unless the statute "clearly or plainly" reflects the legislature's intent to supplant the common-law remedy with the statutory one, *Cash Am. Int'l, Inc. v. Bennett*, 35. S.W.3d 12, 15–17 (Tex. 2000), we cannot conclude that the legislature has charged the Division with exclusive jurisdiction over a carrier's claim for reimbursement such as NAIC's claim.  In the absence of express statutory language or a pervasive legislative scheme to the contrary, we conclude that the trial court had jurisdiction to construe the statutes in issue and determine the question of reimbursement.  *See Subaru of Am.*, 84 S.W.3d at 221*; Reconveyance Servs.*, 240 S.W.3d at 433.  We overrule appellants' first issue.

**Competing Summary Judgments**

Having concluded that the trial court had jurisdiction, we turn to the merits of the parties' competing motions for summary judgment.  We review the trial court's decision to grant summary judgment de novo.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  To prevail on a summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).  When both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, the reviewing court considers the summary judgment evidence presented by both sides,

13

determines all questions presented and, if the reviewing court determines that the trial court erred, renders the judgment the trial court should have rendered. *Dorsett*, 164 S.W.3d at 661 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). When the trial court does not specify the grounds on which the summary judgment was granted, we must affirm if any of the summary judgment grounds are meritorious. *Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004); *Knott*, 128 S.W.3d at 216.

### Covered Claim

In their second issue, appellants argue that the Guaranty Association is obligated to pay NAIC's claim for reimbursement because it is a claim that is covered by the Guaranty Act. *See* Former Tex. Ins. Code art. 21.28-C §5(8). Our resolution of this issue turns on construction of the Guaranty Act. Statutory construction is a legal question, which we review de novo. *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008). Of primary concern is the express statutory language. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). We use definitions prescribed by the legislature and any particular meanings the words have acquired. Tex. Gov't Code § 311.011(b); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008). Otherwise, we apply the plain meaning of the text unless a different meaning is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010). We consider the entire act, not isolated portions, as well as the nature and purpose of the act and the consequences that would follow from each construction. *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008); *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *Sharp v. House of Lloyd*, 815 S.W.2d 245, 249 (Tex. 1991).

14

The Guaranty Association is an unincorporated nonprofit legal entity created by the Guaranty Act and composed of all licensed property and casualty insurers that write business in Texas. *See* Former Tex. Ins. Code art. 21.28-C § 6. It is funded by assessments against those member companies. *See id.* § 18. When a member insurer becomes impaired, those funds are available to offer some protection to those insured by the impaired carrier and third-party liability claimants against the impaired carrier. *See id.* § 2(2).

The Guaranty Act provides that the Guaranty Association "shall undertake to discharge the policy obligations of . . . impaired insurer[s] . . . to the extent that the policy obligations are covered claims under [the Guaranty] Act." *Id.* § 8(b). Under the Guaranty Act, "covered claim" means "an unpaid claim of an insured or third-party liability claimant that arises out of and is within the coverage . . . of an insurance policy to which the Act applies, issued or assumed . . . by an insurer licensed to do business in this state, if that insurer becomes an impaired insurer . . . ." *Id.* § 5(8). The Guaranty Association maintains that because NAIC is neither an insured nor a third-party liability claimant, its claim does not fall within the definition of a covered claim. We agree.

It is undisputed that NAIC is not an insured of Paula Insurance. It is equally clear that NAIC is not a third-party liability claimant. Although the Guaranty Act does not define "third-party liability claimant," the supreme court has "distinguished between first-party claims and third-party claims on the basis of the claimant's relationship to the loss." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 17 (Tex. 2007). A third-party claim is stated when an insured seeks coverage for injuries to a third party. *Id.* (citing *Universal Life Ins. Co. v. Giles*,

15

950 S.W.2d 48, 54 n.2 (Tex. 1997)). Similarly, third-party insurance traditionally refers to liability policies that protect and indemnify an insured against the claims of unnamed third parties. *Id.* at 18; *see also* Black's Law Dictionary 873 (9th ed. 2009) (defining third-party insurance as agreement to cover loss resulting from insured's liability to third party); *Coats v. Ruiz*, 198 S.W.3d 863, 883 (Tex. App.—Dallas 2006, no pet.) (holding that passenger's claims against driver were third-party claims such that driver's insurer did not owe passenger first-party duties). Thus, a third-party liability claim seeks damages for injuries to a third party caused by an insured, for which the insured has obtained liability insurance coverage. *Lamar Homes*, 242 S.W.3d at 17–18.

NAIC's claim for reimbursement does not fall within the ordinary and traditional meaning of third-party claim. NAIC is not asserting a claim against an insured of Paula Insurance for damage or injuries to NAIC for which the insured seeks coverage from the Guaranty Association on behalf of Paula Insurance as an impaired carrier. Therefore, we conclude that NAIC is not a "third-party liability claimant" within the meaning of "covered claim" and NAIC's claim for reimbursement from the Guaranty Association is not a "covered claim" under the Guaranty Act for which the Guaranty Association is liable. *See* Former Tex. Ins. Code art. 21.28-C § 5(8). We overrule appellants' second issue.

### Remaining Issues

In their fourth issue, appellants contend that the trial court erred in granting the Guaranty Association's motion for summary judgment on a claim for declaratory relief that was not asserted in the motion. According to appellants, the Guaranty Association sought a declaration that section 410.033 of the Labor Code does not require the Guaranty Association to reimburse NAIC,

16

and the trial court entered a broader declaration that the Guaranty Association is not liable to reimburse NAIC. In essence, NAIC complains that the summary judgment grants greater relief than the Guaranty Association requested.

On the record before us, we conclude that the trial court's judgment did not grant declaratory relief on a claim that was not asserted in the motion. Viewing the pleading as a whole, we read the Guaranty Association's motion for summary judgment as requesting a declaration that it is not liable to reimburse NAIC for benefits NAIC has paid. The Guaranty Association specifically stated in the first sentence of the motion that it sought "a declaratory judgment that it is not required to reimburse [NAIC] for workers' compensation benefits that [NAIC] paid . . . ." In addition, the record reflects that at the hearing on NAIC's motion for clarification of the summary judgment order, the trial court twice stated its conclusion that the Guaranty Association was requesting a declaration that it was not liable to reimburse NAIC, citing the first paragraph of the motion. We conclude that the trial court reasonably could and did construe the Guaranty Association's motion as a request for a declaration that it is not liable to reimburse NAIC and that the trial court's order does not grant relief not requested in the motion. We overrule NAIC's fourth issue.[6]

---

[6] Having sustained the summary judgment on the ground that NAIC's claim is not a covered claim under the Guaranty Act, we need not reach appellants' third issue, in which they contend that because NAIC's claim for reimbursement is a covered claim under the Guaranty Act, NAIC was entitled to summary judgment as a matter of law.

## CONCLUSION

We affirm the trial court's summary judgment in favor of the Guaranty Association.[7]

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin;
    Justice Henson Not Participating

Affirmed

Filed:   August 28, 2013

---

[7] The Guaranty Association has filed a motion to dismiss, which is pending before this Court. We dismiss the motion as moot.