Daniel GOLDBERG, Appellant,

v.

The COMMISSION FOR LAWYER DISCIPLINE and the State Bar of Texas, Appellees.

No. 01–07–01104–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 2008.

Rehearing Overruled Oct. 16, 2008.

**570**

Kelly Wright Kelly, Newton B. Schwartz Sr., Houston, TX, for Appellant.

Kelley M. Keller, Charles W. Schwartz, Skadden, Arps, Slate, Meagher & Flom, LLP, Houston, TX, for Appellees.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TIM TAFT, Justice.

Appellant, Daniel Goldberg, appeals from a final judgment dismissing his suit for want of subject-matter jurisdiction upon the plea to the jurisdiction of appellees, the Commission for Lawyer Discipline ("the Commission") and the State Bar of Texas ("SBOT") (together, "appellees"). We determine whether the trial court had subject-matter jurisdiction to declare (1) that the disciplinary judgment disbarring Goldberg was void because the final conviction underlying it had been set aside and (2) that his law license be restored. We also determine whether the trial court was required to file the findings of fact and conclusions of law that Goldberg requested. We affirm.

### Background

Goldberg was an attorney licensed to practice law in Texas. On July 17, 2001, he pleaded guilty to the felony offense of aggregate theft. His punishment was assessed at three years in prison and a $2,000 fine, suspended for a period of three years of community supervision. After the conviction had become final, a compulsory disciplinary action was begun against Goldberg based on his criminal conviction. *See* TEX.R. DISCIPLINARY P. 8.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 2005) ("When an attorney licensed to practice law in Texas has been convicted of an Intentional Crime or has been placed on [community supervision] for an Intentional Crime with or

without an adjudication of guilt, the Chief Disciplinary counsel shall initiate a Disciplinary Action...."). The Texas Board of Disciplinary Appeals ("BODA") held a hearing on August 23, 2002 to consider Goldberg's disbarment. *See* Tex.R. Disciplinary P. 8.04 (providing for BODA to hear and to determine all questions of law and fact in compulsory disciplinary proceeding). BODA concluded that Goldberg's crime was both an "intentional crime" and a "serious crime," as defined by the Texas Rules of Disciplinary Procedure,[1] for which he had been convicted and placed on community supervision and that Goldberg thus should be disbarred. *See* Tex.R. Disciplinary P. 8.05 (requiring disbarment of attorney who is convicted of "Intentional Crime" when conviction has become final, unless BODA allows suspension of license). Goldberg appealed the judgment of disbarment to the Texas Supreme Court, which affirmed it summarily on March 6, 2003. *See* Tex.R. Disciplinary P. 7.11.

On October 20, 2004, after Goldberg had successfully completed his community supervision, the court in which Goldberg had been convicted entered the following order under Texas Code of Criminal Procedure article 42.12, section 20 ("the discharge-dismissal order"):

> BE IT REMEMBERED that on this day after considering the evidence that the Defendant has satisfactorily fulfilled the conditions of community supervision and the court to insure that the Defendant is immediately released from the penalties and disabilities resulting from the offense of which the Defendant has been convicted enters this Order, it is therefore,
> ORDERED that the probation/community service of DANIEL GOLDBERG be has been fulfilled in accordance with that certain Order Dismissing Cause Order Terminating Community Supervision dated July 21, 2004, and said period is declared to be terminated and DANIEL GOLDBERG is discharged from probation/community service, that the civil liberties of DANIEL GOLDBERG shall hereby be completely restored including by way of example and not limitation the right to vote, serve on juries, etc. and DANIEL GOLDBERG shall be completely released from all penalties and legal disabilities resulting from the offense or crime of which DANIEL GOLDBERG has plead guilty and verdict should be set aside and wiped away and the Defendant is hereby permitted to withdraw the plea of guilty and the plea of guilty of DANIEL GOLDBERG is hereby withdrawn, the charging instrument, accusation, complaint, and indictment against DANIEL GOLDBERG are dismissed and this prosecution is dismissed.

*See* Tex.Code Crim. Proc. art. 42.12, § 20 (Vernon Supp.2007).

In October 2006, Goldberg sought a writ of mandamus in the Texas Supreme Court based upon the discharge-dismissal order; the supreme court denied the petition in March 2007 without explanation. Goldberg then filed suit against appellees in October 2007. Based on the discharge-dismissal order, he sought a declaratory judgment that (1) "immediately restor[ed]" his law license because the criminal conviction on which his disbarment had been based was rendered "a legal nullity" by the discharge-dismissal order or that (2) declared the judgment of disbarment "void." Included in the petition was an allegation that appellees "acted hastily and premature[ly] under the totality of circumstances and has caused the Petitioner a loss of his

---

1. *See* Tex.R. Disciplinary P. 1.06(T), 1.06(Z).

livelihood and the abrogation of his constitutional rights without due process of law"; the petition nonetheless sought solely the declaratory relief described above.

In November 2007, appellees filed an answer that also contained a plea to the jurisdiction. The answer alleged governmental immunity from suit as an affirmative defense, but immunity from suit was not the basis of the dismissal motion. Rather, appellees' dismissal motion asserted two different grounds. The first ground was based on the Texas Supreme Court's exclusive authority to promulgate rules for lawyer discipline. One of those rules, Texas Rule of Disciplinary Procedure 11.01, does not allow a disbarred attorney to sue to reinstate his license until five years after completion of the attorney's sentence. *See* TEX.R. DISCIPLINARY P. 11.01. Appellees asserted that Goldberg's suit was, in effect, a suit seeking reinstatement, even though it was styled as a declaratory-judgment action to interpret the effect of the discharge-dismissal order. Because fewer than five years had passed from the end of Goldberg's community supervision, appellees urged that the trial court lacked jurisdiction to entertain Goldberg's suit. The jurisdictional plea's second ground was phrased in the alternative: "Assuming for argument purposes only that this Court could entertain Goldberg's [reinstatement] request, Goldberg has failed to state a claim for relief" because the discharge-dismissal order did not render the disbarment judgment void.

To the jurisdictional plea, appellees attached evidence, including the July 2001 judgment of conviction, the August 2002 judgment disbarring Goldberg, the Texas Supreme court order affirming Goldberg's disbarment, the discharge-dismissal order, and the supreme court order denying Goldberg's petition for writ of mandamus.

None of this evidence was disputed below; only its legal effect is contested.

Later in November 2007, Goldberg filed a supplement to his original petition. In pertinent part, the supplemental petition alleged as follows:

Petitioner is proceeding inter alia with its asserted cause of action(s) under *TEX. CONST. art. I, Section 19,* TEX. CONST. art. V, Section 8, TEX. GOV'T CODE Section 81.014 ("The state bar may sue and be sued in its own name."), TEX. GOV'T CODE Section 81.011(a) ("The state bar is a public corporation...."), TEX. GOV'T CODE Section 81.071 ("The Lawyer Discipline, a committee of the state bar."), *TEX. CIV. PRAC. & REM.CODE ANN. Uniform Declaratory Judgments Act, Chapter 37*
. . . .

. . .

Petitioner alleges that a law license is a valuable right after such is held for many years which was the case prior to disbarment. The Petitioner alleges that the Respondents are violating and/or denying the rights of the Petitioner by refusing to restore his valuable law license after his criminal conviction was nullified and his guilty plea withdrawn. *The [Petitioner] seeks a declaratory judgment that his law license should be restored by the Respondents and a further declaratory judgment that a law license is a valuable right of the Petitioner which the Respondents have denied and should be restored.*

. . .

WHEREFORE, PREMISES CONSIDERED, Petitioner requests this court ... declare that the Petitioner is entitled to the immediate restoration of his Texas Law License ... and/or that the Judgment of Disbarment be declared void, *declare that a law license is a valuable right of the Petitioner which*

*the Respondents have denied and should be restored....*

(Emphasis added.)

On December 4, 2007, after a hearing, the trial court granted the jurisdictional plea and dismissed Goldberg's suit for want of jurisdiction. Goldberg timely requested findings of fact and conclusions of law, and he timely filed a notice of past-due findings and conclusions, but the trial court did not file findings and conclusions.

## Standard of Review

█ We review *de novo* a trial court's ruling on a jurisdictional plea, construing the pleadings in the plaintiff's favor and looking to the pleader's intent. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

█ "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Although the plaintiff's claims may form the context against which the jurisdictional plea is determined, the plea generally "should be decided without delving into the merits of the case." *Id.* "[A] court deciding a plea to the jurisdiction is not required to look solely to the [plaintiff's] pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Id.* at 555. However, in general, "the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *Id.* at 554. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227–28 (Tex.2004).

## Propriety of Dismissal

In issue one, Goldberg argues that the trial court erred in dismissing his suit for lack of subject-matter jurisdiction.

### A. The Parties' Arguments

Goldberg argues that the trial court had subject-matter jurisdiction "to determine the effect of [the discharge-dismissal order] which removed the sole basis of a disbarment judgment." He relies on article 42.12, section 20, and *Cuellar v. State* [2] to argue, in effect, that the discharge-dismissal order (which was rendered under section 41.12, section 20) operates automatically to restore his law license because it rendered the conviction that underlay his disbarment null. He distinguishes between *restoring* his license and *reinstating* it: the former happens, he urges, by operation of the discharge-dismissal order; the latter happens by waiting the five-year period from the completion of his community supervision and seeking reinstatement under the Texas Rules of Disciplinary Procedure. Because he seeks restoration under the article 42.12, section 20 discharge-dismissal order, rather than reinstatement, Goldberg argues that the five-year waiting period of rule 11.01 does not apply or deprive the trial court of subject-matter jurisdiction over his suit.

---

**2.** 70 S.W.3d 815 (Tex.Crim.App.2002).

■ Appellees respond, as they asserted in their plea, that (1) the Texas Supreme Court has exclusive authority to promulgate rules for lawyer discipline, such as the Texas Rules of Disciplinary Procedure; (2) rule 11.01 of those rules does not allow a reinstatement proceeding to be filed until five years after completion of the attorney's sentence; (3) Goldberg's suit was, in reality, a suit seeking reinstatement, regardless of how it was styled; and (4) because fewer than five years had passed from the end of Goldberg's community supervision, the trial court lacked jurisdiction to entertain Goldberg's suit.[3]

### B. Law Underlying the Discharge–Dismissal Order

Article 42.12, section 20(a) provides:

Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, *the judge may* set aside the verdict or *permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, in-*

*formation or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty,* except [for two circumstances not applicable in this case].

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (emphasis added). The *Cuellar* court, on whose decision Goldberg relies, interpreted the portion of article 42.12, section 20 that is italicized above as follows:

This second type of discharge is not a right but rather is a matter of "judicial clemency" within the trial court's sole discretion. That is, when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge may [enter the described order]. These words are crystal clear. There is no doubt as to their meaning. If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom "released from all penalties and disabilities" resulting from the conviction.

---

3. Appellees also assert, as they did in their plea below, that the discharge-dismissal order did not render the disbarment judgment void under either article 42.12, section 20 or the *Cuellar* decision. These arguments go to the merits of Goldberg's claims, not to the court's subject-matter jurisdiction, as indeed appellees recognized in their jurisdictional plea by acknowledging that this ground was asserted as an alternative should the court determine that it had subject-matter jurisdiction over Goldberg's claims. Grounds going solely to the merits of a claim, rather than to the court's subject-matter jurisdiction, are not properly asserted in a jurisdictional plea. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000) (indicating that although plaintiff's claims may form the context against which jurisdictional plea is determined, plea generally "should be decided without delving into the merits of the case."). A trial court may not grant a jurisdictional plea to dismiss a claim on a basis that is not jurisdictional. *See Tex. Dep't of Human Servs. v. Okoli,* No. 01–07–00103–CV, 2007 WL 1844897, at *5 (Tex.App.–Houston [1st Dist.] June 28, 2007, pet. filed) (concluding that procedural mechanism of jurisdictional plea could not be used to assert challenges to merits of claim). Accordingly, this ground could not properly have been a basis for the granting of appellees' plea, we do not deem the trial court to have ruled on this basis, and we do not consider it here.

Once the trial court judge signs the Article 42.12, § 20, order, the felony conviction disappears, except as specifically noted in subsections (1) and (2). They are, however, the only listed exceptions. . . . .

. . . [W]hether to dismiss the indictment and set aside the conviction is wholly within the discretion of the trial court. But, a person whose conviction is set aside pursuant to an Article 42.12, § 20, order is not a convicted felon.

*Cuellar,* 70 S.W.3d at 818–20 (citations and footnotes omitted).

## C. The Comprehensive Scheme Regulating Attorney Conduct

The Texas Supreme Court derives its power to regulate the practice of law in Texas from the State Bar Act[4] and article II, section 1 of the Texas Constitution.[5] *In re State Bar of Tex.,* 113 S.W.3d 730, 732 (Tex.2003).

■ The State Bar Act gives the supreme court " 'administrative control over the State Bar and provides a statutory mechanism for promulgating regulations governing the practice of law.' " *Id.* (quoting *State Bar of Tex. v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994)). For example, the State Bar Act provides that each attorney admitted to practice in Texas is subject to the disciplinary jurisdiction of the supreme court and the Commission;[6] that the supreme court has exclusive jurisdiction of the rules governing the admission to the practice of law in Texas;[7] that the supreme court must establish disciplinary procedures in furtherance of its powers to

supervise attorney conduct;[8] and that the supreme court must prepare, propose, and adopt rules that it deems necessary for disciplining, suspending, disbarring, and accepting resignations of attorneys.[9] The Legislature has also provided that "[o]nly the supreme court may issue licenses to practice law in this state as provided by this chapter"[10] and that this power "may not be delegated." *See* TEX. GOV'T CODE ANN. § 82.021 (Vernon 2005).

■ The supreme court also has "inherent regulatory powers, derived from Article II, Section I of the Texas constitution, which dictate separation of powers and implies" the court's "supervisory role in regulating the legal practice." *In re State Bar of Tex.,* 113 S.W.3d at 732.

Based on these statutory and inherent constitutional powers, the supreme court has "promulgated a regulatory scheme in which the power to regulate the practice of law is delegated to BODA." *Id.* This regulatory scheme includes rules governing reinstatement to the practice of law after disbarment. In particular, the Texas Rules of Disciplinary Procedure require, as compulsory discipline, the disbarment or suspension of a member attorney who has been convicted of an "Intentional Crime," when that conviction becomes final, or who has accepted community supervision, with or without an adjudication of guilt, for an Intentional Crime. *See* TEX.R. DISCIPLINARY P. 8.05–8.06. The same rules also provide:

A disbarred person . . . may, at any time after the expiration of five years from

---

4. *See* TEX. GOV'T CODE ANN. §§ 81.001–.115 (Vernon 2005 & Supp.2007).

5. *See* TEX. CONST. art. II, § 1.

6. *See id.* § 81.017 (Vernon 2005).

7. *See id.* § 81.061 (Vernon 2005).

8. *See id.* § 81.072(a) (Vernon 2005).

9. *See id.* § 81.072(c) (Vernon 2005).

10. *See* TEX. GOV'T CODE ANN. §§ 82.001–.066 (Vernon 2005) (entitled "Licensing of Attorneys").

the date of the final judgment of disbarment ..., petition the district court ... for reinstatement; provided, however, that no person who has been disbarred ... by reason of conviction ... for an Intentional Crime or a Serious Crime, is eligible to apply for reinstatement until five years following the date of completion of sentence, including any period of [community supervision] and/or parole. TEX.R. DISCIPLINARY P. 11.01. If the court in such a reinstatement suit renders judgment authorizing the disbarred attorney's reinstatement, the court must also direct the Board of Law Examiners to allow the attorney to retake the bar examination. *See* TEX.R. DISCIPLINARY P. 11.06. Upon proof that the disbarred attorney has complied with the judgment and has paid all fees, costs, and assessments then owed, the Commission must then direct the Chief Disciplinary Counsel to declare the attorney's eligibility for licensure, and the Clerk of the Supreme Court must then reinstate him and issue him a new bar card. *See* TEX.R. DISCIPLINARY P. 11.07.

■■■■ "Because the [Texas Supreme] Court's power to regulate the practice of law is an administrative one, the exercise of that power does not in and of itself deprive lower courts of general subject matter jurisdiction over challenges to that governance." *Gomez*, 891 S.W.2d at 245. Lower courts "do not, however, have jurisdiction over *all* such challenges because in every individual case, jurisdiction also depends on justiciability." *Id.* (emphasis in original). When a litigant seeks in a lower court a remedy that would impinge on the supreme court's "exclusive authority to regulate the practice of law," the case does not present a justiciable controversy, and the lower court lacks subject-matter jurisdiction over it. *Id.* at 246. This result

obtains because "[n]o subordinate court in Texas has the power to usurp [the Texas Supreme Court's] authority or responsibility" in the area of regulating the practice of law. *Id.* Examples of cases in which the supreme court has held that the lower court lacked subject-matter jurisdiction are suits to compel the promulgation of a mandatory pro bono service rule [11] and suits seeking to enjoin BODA from suspending an attorney's license.[12]

However, "not all remedies bearing upon the regulation of the legal profession would be unacceptable infringements on the inherent powers of the [Texas Supreme] Court." *Gomez*, 891 S.W.2d at 246. For example, a suit challenging the constitutionality of a rule that the supreme court has promulgated pursuant its authority to regulate the practice of law does not infringe on the supreme court's inherent regulatory powers, and a lower court would thus have subject-matter jurisdiction to entertain it. *Id.*; *accord State Bar of Tex. v. Jefferson*, 942 S.W.2d 575, 576 (Tex.1997) ("The two lawyers raise a number of complaints in this case, including the contention that the Texas Rules of Disciplinary Procedure are unconstitutional. To the extent that resolution of these issues does not interfere with a specific grievance proceeding, the district court has jurisdiction to address them."). "The important distinction" between a suit challenging the constitutionality of a rule that the supreme court has promulgated and one that seeks impermissibly to infringe on the supreme court's regulatory powers over the practice of law "is that in the former case, the district court would not be cast in the impermissible role of effectively promulgating policies and regulations governing Texas lawyers." *Gomez*,

---

11. *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245–46 (Tex.1994).

12. *See Bd. of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex.1994).

891 S.W.2d at 246. Such a constitutional challenge presents a justiciable controversy because "the district court would be capable of rendering a judgment that accords the parties complete relief...." *Id.*

## D. Application of the Law to Goldberg's Challenges

■ Although Goldberg's petitions alleged declaratory-judgment and due-course-of-law claims,[13] what he really sought was to regain his law license—based upon his understanding of the effect of the discharge-dismissal order—without his having to pursue reinstatement, including the five-year waiting period required by Texas Rule of Disciplinary Procedure 11.01. *See In re State Bar of Tex.*, 113 S.W.3d at 734 (in suit for declaratory judgment, construing order declaring BODA judgment of suspension void to be order that, in effect, revoked BODA suspension judgment, which type of order trial court lacked jurisdiction to render). Given this purpose and understanding of the discharge-dismissal order, Goldberg phrased his request for relief in terms of restoration of the license that he had lost through disbarment, rather than in terms of his reinstatement to the practice of law (and the issuance of a new law license) after disbarment. His requested relief necessarily included a declaration that the supreme court, or its administrative agencies, take all necessary actions to allow him to practice law again.

For example, Goldberg alleged that he was "entitled to a declaratory judgment immediately restoring his Texas Law License ... as the criminal conviction is a legal nullity." He continued: "[Petitioner] seeks a declaratory judgment that his law license *should be restored by the Respon-*

*dents* ...." (Emphasis added.) His appellate briefing likewise acknowledges that, after the issuance of the declaration that he seeks, *"the Texas Supreme Court [would] then issue[ ] the law license ...* respect[ing] and act[ing] in accordance with the rule of law." (Emphasis added.) That same briefing also asserts, "Due Process is denied *when the Appellees refuse to use the Goldberg* Cuellar *order to restore the same law license* which was revoked solely based upon a criminal conviction which has been nullified...." (Emphasis added.) These allegations and briefing show that what Goldberg sought was an order requiring the supreme court or its administrative bodies to "revive" the same law license that he had previously lost through disbarment. The same may be said about his request for a declaration of the disbarment judgment's invalidity: such a declaration is not self-effectuating, but requires (as Goldberg's pleadings and briefing themselves indicate) further orders to some administrative body of the supreme court.

The supreme court's rules do not allow for the restoration of a law license to a disbarred attorney without his applying for reinstatement. *See* TEX.R. DISCIPLINARY P. 11.01, 11.06, 11.07. Therefore, the trial court's granting Goldberg the relief that he requested would be a usurpation of the supreme court's exclusive authority to regulate the practice of law, specifically, its authority to regulate the licensure, discipline, disbarment, and reinstatement of attorneys licensed in Texas. *See Gomez*, 891 S.W.2d at 246. Because the district court had no power to grant relief that interfered with this exclusive authority of the supreme court, the case did not present a justiciable controversy, and the trial court

---

**13.** *See* TEX. CONST. art. I, § 19. Goldberg's petition also cited Texas Constitution article V, section 8, but that provision does not underlie any cause of action; rather, it establishes the subject-matter jurisdiction of district courts. *See* TEX. CONST. art. V, § 8.

properly determined that it lacked subject-matter jurisdiction to consider the claim. *See id.*

Likewise, Goldberg's constitutional claim was not based on an assertion that rule 11.01 (or the reinstatement procedure generally) was unconstitutional. Rather, he alleged that "Respondents are violating and/or denying the rights of the Petitioner *by refusing to restore his valuable law license* after his criminal conviction was nullified and his guilty plea withdrawn," and he sought declarations that his "law license *should be restored by the Respondents*" and that "a law license is a valuable right of the Petitioner *which the Respondents have denied and should be restored.*" (Emphasis added.) As with Goldberg's requests for declaratory relief, these allegations seek to interfere with the administrative authority granted solely to the supreme court to discipline and to readmit attorneys—that is, it is an attempt to alter the rules applicable to Goldberg's disciplinary disbarment and reinstatement—rather than being challenges to the constitutionality of the rules generally. That type of claim is impermissible because it impinges on the supreme court's "exclusive authority to regulate the practice of law." *See Gomez,* 891 S.W.2d at 246. *Compare Jefferson,* 942 S.W.2d at 576 ("To the extent that resolution of these issues [concerning the constitutionality of the Texas Rules of Disciplinary Procedure] *does not interfere with a specific grievance proceeding,* the district court has jurisdiction to address them.") (emphasis added).

We hold that, because Goldberg's suit presented no justiciable controversy (regardless of how his claims were phrased), the trial court lacked jurisdiction over it. We further hold that, because the trial court lacked subject-matter jurisdiction over Goldberg's suit, it did not err in granting appellees' jurisdictional plea.

We overrule issue one.

### Failure to Enter Findings of Fact and Conclusions of Law

In issue two, Goldberg argues that the trial court erred by not filing findings of fact and conclusions of law.

Although findings of fact and conclusions of law can be entered after a ruling on a jurisdictional plea if there has been an evidentiary hearing, a party cannot compel their preparation.[14] *See* Tex.R. Civ. P. 296 (allowing party to request findings of fact and conclusions of law "[i]n any case tried in the district … court without a jury…."); *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 442 (Tex.1997) ("The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court. In other cases findings and conclusions are proper, but a party is not entitled to them."); *Haddix Jr. v. Am. Zurich Ins. Co.,* No. 11–06–00107–CV, 2008 WL 885812, at *1 (Tex.App.–Eastland Apr. 3, 2008, no pet. h.) (applying cited

---

**14.** Here, the facts were undisputed, which would have rendered the entry of findings of fact immaterial in any event. *See Haddix Jr. v. Am. Zurich Ins. Co.,* No. 11–06–00107–CV, 2008 WL 885812, at *2 (Tex.App.–Eastland Apr. 3, 2008, no pet. h.) ("The parties reach different conclusions regarding the evidence, but the evidence itself is undisputed. The trial court, therefore, was not required to prepare findings of fact."). Additionally, there was only one ground of the jurisdictional plea that was truly jurisdictional and thus proper to bring by plea—that based on the supreme court's exclusive authority to regulate the practice of law, to the exclusion of the district court—rendering the entry of conclusions of law superfluous, as well.

rule from *IKB Industries (Nigeria) Ltd.* to ruling on plea to jurisdiction).

We overrule issue two.

### Conclusion

We affirm the judgment of the trial court.

Justice JENNINGS, concurring.

### CONCURRING OPINION

TERRY JENNINGS, Justice.

There is much less to this case than meets the eye.

Appellant, Daniel Goldberg, challenges the trial court's dismissal of his suit upon the plea to the jurisdiction of appellees, the Commission for Lawyer Discipline (the "Commission") and the State Bar of Texas (the "State Bar"). Goldberg seeks a declaration that he "is entitled to the immediate restoration" of his Texas law license and that "the judgment of [his] disbarment be declared void." He asserts that he is seeking to "restore" his law license, in contrast to having it "reinstated." *See* TEX.R. DISCIPLINARY P. 11.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 2005). Thus, he argues, the trial court had subject matter jurisdiction to declare his law license restored and his disbarment void. *See id.*

In support of his position, Goldberg relies on *Cuellar v. State,* 70 S.W.3d 815 (Tex.Crim.App.2002). In *Cuellar,* the Texas Court of Criminal Appeals noted that, after a criminal defendant has successfully completed community supervision, the trial court may, in its discretion, exercise "judicial clemency" and permit the defendant to withdraw his plea and then dismiss the indictment against the defendant. *Id.* at 819–20 (citing TEX.CODE. CRIM PROC. ANN. art 42.12, § 20(a) (Vernon Supp.2007)). Because the conviction was set aside and

Cuellar was "not a convicted felon," the court held that he could not be subsequently prosecuted for the offense of being a felon in possession of a firearm. *Id.* at 820 (citing TEX. PENAL CODE. ANN. § 46.04(a) (Vernon Supp.2007)).

Here, however, Goldberg, prior to the criminal district court's dismissal of the felony theft indictment against him, had accepted and completed community supervision for having committed the intentional offense of aggregate theft. Texas Rule of Disciplinary Procedure 8.05 provides,

> When an attorney has been convicted of an [i]ntentional [offense], and that conviction has become final, *or the attorney has accepted [community supervision] with or without an adjudication of guilt* for an [i]ntentional [offense], the attorney shall be disbarred. . . .

TEX.R. DISCIPLINARY P. 8.05 (emphasis added). The only way for a person who has actually been disbarred to get his law license back is to petition the district court of the county of his residence for reinstatement. TEX.R. DISCIPLINARY P. 11.01. Moreover, no person who has been disbarred "by reason of conviction of *or having been placed on [community supervision] without an adjudication of guilt*" for an intentional offense is eligible to apply for reinstatement until five years following the date of completion of sentence, including any period of community supervision. *Id.* (emphasis added).

It matters not that the felony theft indictment was subsequently dismissed after Goldberg successfully completed community supervision. The simple fact remains that Goldberg had previously accepted community supervision for committing the intentional offense, and he suffered the compulsory discipline of disbarment. Thus, he must wait five years after the date that he successfully completed community supervision to petition the district

court for reinstatement. *See id.* Accordingly, I agree that the trial court did not have subject matter jurisdiction to declare that Goldberg's law license was restored and did not err in granting the plea to the jurisdiction of the Commission and the State Bar.