**AFFIRM; and Opinion Filed March 5, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01447-CV

**PRIMESTAR CONSTRUCTION, INC., Appellant**
**V.**
**CITY OF DALLAS, TEXAS, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-05460**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

The trial court granted appellee City of Dallas's plea to the jurisdiction in this suit for breach of contract. Appellant Primestar Construction, Inc. appeals, contending that the trial court erred because the City waived its governmental immunity by entering into the contract. Primestar also contends that the trial court erred by failing to enter findings of fact and conclusions of law, and by granting the City's motion to dismiss and pleas of res judicata and collateral estoppel. Because the City met its burden to support its contention that the trial court lacked subject-matter jurisdiction, we affirm the trial court's order dismissing the case.

## BACKGROUND

In 2011, the City awarded Primestar a contract to renovate and expand a recreational center. The contract provided that the work would be completed in 200 days for the total sum of

$1,383,740.00. Travelers Casualty and Surety Company of America issued performance and payment bonds for the project after entering into an indemnity agreement with Primestar. Under the terms of the indemnity agreement, Primestar agreed to indemnify Travelers against losses relating to Primestar's contract with the City and gave Travelers "sole discretion" to pay or settle claims on the bonds.

The City terminated the contract with Primestar for cause in 2013 and demanded that Travelers complete the project. Travelers completed the project and the City paid Travelers the remaining amounts due under the contract with Primestar. Travelers subsequently brought suit against Primestar in federal district court seeking to recover its losses under the bonds and obtained judgment against Primestar for $999,846. Primestar then filed this suit alleging that the City wrongfully terminated the contract.

The City filed a plea to the jurisdiction, relying on two grounds: (1) Primestar's lack of standing, and (2) the City's immunity from suit and liability. Primestar responded that the City had waived its immunity by entering into the contract, citing section 271.152 of the local government code. The City also filed a plea of res judicata and collateral estoppel and a motion to dismiss for failure to file a certificate of merit. The trial court granted the plea to the jurisdiction, the pleas of res judicata and collateral estoppel, and the motion to dismiss in an order dated October 31, 2017. On December 15, 2017, the trial court denied Primestar's motions to modify the judgment and for new trial and its request for findings of fact and conclusions of law. This appeal followed.

## ISSUES

Primestar raises five issues on appeal. The first four issues challenge the trial court's ruling on the plea to the jurisdiction. Primestar contends the trial court erred in granting the plea because (1) the City's immunity has been waived by statute, (2) the doctrines of res judicata and collateral estoppel do not apply to preclude its claims against the City, (3) Primestar had standing to pursue

its cause of action for breach of contract, and (4) Primestar was not required to file a certificate of merit to pursue its claims against the City. In its fifth issue, Primestar contends the trial court erred by not entering findings of fact and conclusions of law on Primestar's proper request.

## STANDARDS OF REVIEW

In its plea to the jurisdiction, the City (1) challenged Primestar's standing to sue and (2) asserted that it is immune from suit. Both standing to sue and governmental immunity are issues of the trial court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) (standing is a component of subject-matter jurisdiction); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004) (governmental immunity from suit implicates trial court's subject matter jurisdiction). Subject-matter jurisdiction is never presumed and cannot be waived. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44. Whether a court has subject-matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226.

We review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Town of Fairview v. Lawler*, 252 S.W.3d 853, 856 (Tex. App.—Dallas 2008, no pet.). When a plea to the jurisdiction challenges the pleadings, we look to whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. We liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the plaintiff's intent. *Id.*

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. This standard mirrors the summary judgment standard under rule 166a(c), Texas Rules of Civil Procedure, and places the burden on the plaintiff to allege facts that affirmatively demonstrate the trial court's jurisdiction. *City of Dallas v. Hughes*, 344 S.W.3d 549, 553 (Tex. App.—Dallas 2011, no pet.) (citing *Miranda*, 133 S.W.3d at 227–28). Once the plaintiff has done

so, the City must meet the summary judgment standard of proof to support its contention that the trial court lacks subject-matter jurisdiction. *Id.* The plaintiff must then show that a disputed fact issue exists. *Id.* If the relevant evidence fails to raise a fact question or is undisputed on the jurisdictional issue, we determine the plea as a matter of law. *Id.* (citing *Miranda*, 133 S.W.3d at 228).

**DISCUSSION**

**1. Standing and statutory waiver of immunity**

The City offered undisputed evidence that Primestar assigned all of its "rights, title, and interests" [1] in the contract to Travelers, including "any and all sums due or which may hereafter become due under any . . . contract, and all damage claims and proceeds related thereto." In accordance with the indemnity agreement between Travelers and Primestar, Travelers completed the project and was paid the contract balance by the City. Citing the provisions of the indemnity agreement, the City argued in its plea to the jurisdiction that Primestar lacked standing because it had assigned all of its rights regarding the contract, including any cause of action for breach of contract, to Travelers.

"The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283

---

[1] Paragraph 6 of the "General Agreement of Indemnity" between Primestar and Travelers provides in part,

> <u>Remedies</u>. In the event of a Default, Indemnitors [Primestar] assign, convey, and transfer to Company [Travelers] all of their rights, title and interests in Property, and Company shall have a right in its sole discretion to: (a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; (b) immediately take possession of Indemnitors' Property, and utilize the Property for the completion of the work under the Contracts without payment for such use; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as Company sees fit . . . . Further, in the event of Default and upon demand Indemnitors shall direct that all payments, monies, and properties that are due or may become due on any Contract or contract be made payable to, and/or sent directly to, Company . . . .

"Property" is defined in the agreement as Primestar's "rights, title, and interest . . . in: (a) any Contract or contract. . . ; [and] (b) any and all sums due or which may hereafter become due under any Contract or contract, and all damage claims and proceeds related thereto . . . ."

S.W.2d 722, 724 (Tex. 1955)). As a general rule, "to have standing, unless it is conferred by statute, a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001).

The City argues that Primestar, as a terminated contractor, has no standing to assert any claim against the City. *See Harlandale Indep. Sch. Dist. v. C2M Constr., Inc.*, No. 04-07-00304-CV, 2007 WL 2253510, at *1 (Tex. App.—San Antonio Aug. 8, 2007, no pet.) (mem. op.). In *Harlandale*, the parties entered into a contract for the construction of an elementary school. *Id.* The contract required C2M, the contractor, to obtain a performance bond. *Id.* To obtain the bond, C2M was required to enter into an indemnity agreement with an insurance company and its affiliates as sureties. *Id.* The school district ("HISD") terminated C2M, and the sureties undertook the completion of the project in accordance with the bond. *Id.* C2M subsequently filed suit against HISD for breach of contract. *Id.* HISD filed a plea to the jurisdiction on the ground that C2M lacked standing because it had assigned its claim against HISD to the sureties. *Id.* The trial court denied HISD's plea to the jurisdiction, but the court of appeals reversed, explaining that "because C2M's claims against HISD were assigned to the Sureties under the unambiguous terms of the indemnity agreement, C2M lacks standing in the underlying lawsuit." *Id.* at *2. Concluding that the trial court should have granted HISD's plea to the jurisdiction, the court of appeals dismissed C2M's claims against HISD. *Id.* at *3.

As in *Harlandale*, Primestar assigned its "rights, title and interest" in its contract with the City to Travelers. *See id.* at *2 & n.2 (C2M assigned "[a]ll the rights of the Contractor in, and growing in any manner out of, all contracts referred to in the Bonds"). Consequently, we conclude that Primestar lacked standing to sue the City. *See id.* at *2.

Primestar responds that it reserved its rights against the City, citing (1) a July 31, 2013, letter from Travelers to the City regarding its investigation of the project, and (2) a paragraph from an agreement between Travelers and the City quoted in a September 29, 2017 email.[2] Primestar did not rely on either of these items in its response to the City's plea to the jurisdiction. After the trial court heard the City's plea, Primestar filed a "supplemental response" attaching the second item without any argument that it was newly-discovered or otherwise admissible. The trial court subsequently signed the order denying the City's plea, and Primestar filed a motion for new trial, to which it attached the July 13, 2013 letter. At the hearing on the motion for new trial, the City objected to the proffer of the letter as untimely. The record does not reflect that Primestar made any proffer of the email. Neither item was admitted into evidence. *See, e.g., Mitchell v. Bank of America, N.A.*, 156 S.W.3d 622, 629 (Tex. App.—Dallas 2004, pet. denied) (showing required by party seeking new trial on the ground of newly-discovered evidence).

Citing the documents, Primestar argues on appeal that the City had "actual notice" of Primestar's reservation of rights "and breached its affirmative duty to so inform the trial court." But the City's plea to the jurisdiction was based on Primestar's transfer of all of its rights under the contract to Travelers. Primestar did not reserve any rights in its indemnity agreement with Travelers. Even if the letter and email had been admitted into evidence and considered by the trial court, they did not raise a fact issue on Primestar's standing to sue to enforce contractual rights that Primestar had transferred to Travelers.

Primestar also argues that it has standing because the City's immunity is waived by statute. Governmental immunity protects political subdivisions of the State, including cities, from suit and liability. *Hughes*, 344 S.W.3d at 553. Immunity from suit deprives a court of subject matter jurisdiction. *Id.* Under the Local Government Contract Claims Act, however, when a local

_____

[2] We note that in the only copy of the email in the record, portions of the text of the paragraph are missing or incomplete.

government entity such as the City enters into "a contract subject to this subchapter," it "waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." Tex. Loc. Gov't Code Ann. § 271.152; *see generally id.* §§ 271.151–.160 ("Adjudication of Claims Arising Under Written Contracts with Local Government Entities") (the "Act"); *see also Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cnty.*, 449 S.W.3d 98, 106–08 (Tex. 2014) (quoting and discussing Act's terms).

Under section 271.152 of the Act, the waiver of immunity is "subject to the terms and conditions of this subchapter." Tex. Loc. Gov't Code § 271.152; *Zachry*, 449 S.W.3d at 108. The "terms and conditions" are found in the Act's other nine sections, *see Zachry*, 449 S.W.3d at 106, including section 271.153, "Limitations on Adjudication Awards," providing in part:

> (a) . . . [T]he total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:
>
> > (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;
> >
> > (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;
> >
> > (3) reasonable and necessary attorney's fees that are equitable and just; and
> >
> > (4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.
>
> (b) Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:
>
> > (1) consequential damages, except as expressly allowed under Subsection (a)(1);
> >
> > (2) exemplary damages; or
> >
> > (3) damages for unabsorbed home office overhead.

TEX. LOC. GOV'T CODE ANN. § 271.153(a), (b). In *Zachry*, the court explained that immunity is not waived when a plaintiff seeks "only damages not recoverable under section 271.153." *Zachry*, 449 S.W.3d at 109.

The court in *Zachry* explained that the purpose of section 271.153 "'is to limit the amount due by a governmental agency on a contract once liability has been established, not to foreclose the determination of whether liability exists.'" *Id.* at 109 (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840 (Tex. 2010)). Consequently, the waiver does not depend on "ultimate liability." *Id.* at 109. But the waiver "does require a showing of a substantial claim that meets the Act's conditions." *Id.* The court explained, "[b]y 'substantial' claim we mean . . . that the claimant must plead facts with some evidentiary support that constitute a claim for which immunity is waived, not that the claimant will prevail." *Id.* at 110.

Here, Primestar did not "plead facts with some evidentiary support" to "constitute a claim for which immunity is waived." *See id.* As we have discussed, Primestar did not raise a fact issue that it had reserved rights in its indemnity agreement with Travelers, nor did Primestar challenge the City's proof that the City paid to Travelers all remaining sums due under the contract. In support of its plea to the jurisdiction, the City attached Primestar's responses to discovery requests seeking more specific information about the damages claimed by Primestar. In its responses, Primestar did not specify the amount and method of calculating the damages it claimed other than to refer to the allegation in its petition that it sought "monetary relief of more than $1,000,000" and to state that "[t]he contract signed by the parties details the method of calculating damages." We conclude that Primestar did not raise a fact issue that it had standing to assert a claim for which the City's immunity was waived under section 271.153. *See Harlandale,* 2007 WL 2253510, at *2, 3.

Because Primestar lacked standing and did not plead a claim for which the City's immunity was waived, the trial court did not err by dismissing Primestar's suit for lack of jurisdiction. We decide Primestar's first and third issues against it.[3]

**3. Findings and Conclusions**

In its fifth issue, Primestar contends the trial court erred by not entering findings of fact and conclusions of law when Primestar properly requested them. Primestar argues that because the trial court "considered evidence and testimony when ruling on the Plea to the Jurisdiction," findings of fact "are both necessary and helpful for meaningful appellate review." Primestar concludes that the trial court abused its discretion by failing to enter findings and conclusions.

Under rule of civil procedure 296, in any case tried in district court without a jury, a party may request the court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. "The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court." *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997). A "trial" is a hearing in which the court hears and receives evidence. *F-Star Socorro, L.P. v. El Paso Cent. Appraisal Dist.*, 324 S.W.3d 172, 175 (Tex. App.—El Paso 2010, no pet.). In other cases, "findings and conclusions are proper, but a party is not entitled to them." *IKB Indus.*, 938 S.W.2d at 442. Although findings of fact and conclusions of law can be entered after a ruling on a jurisdictional plea if there has been an evidentiary hearing, a party cannot compel their preparation. *Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 578 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

Primestar argues that it has been harmed by the trial court's failure to enter findings and conclusions because it "has to guess the reasons for the trial court's decision and has been

[3] We have concluded the trial court properly dismissed the case for lack of jurisdiction because Primestar lacked standing. Having reached this conclusion, we need not address Primestar's second and fourth issues regarding the applicability of res judicata and collateral estoppel principles and the necessity of a certificate of merit. *See* TEX. R. APP. P. 47.1 (opinion need only address issues "necessary to final disposition of the appeal"); *Shih v. Tamisiea*, 306 S.W.3d 939, 945 n.8 (Tex. App.—Dallas 2010, no pet.).

prevented from properly presenting its case to this Court concerning the appeal." *See Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied) (general rule is that appellant has been harmed by trial court's failure to make findings and conclusions after proper request "if, under the circumstances of the case, he has to guess at the reason the trial court ruled against him"). A trial court's refusal to make findings and conclusions upon proper request is presumed reversible error unless the record affirmatively shows that the requesting party suffered no harm. *R.H. v. Smith*, 339 S.W.3d 756, 766 (Tex. App.—Dallas 2011, no pet.). As we explained in *Larry F. Smith, Inc.*,

> The purpose of requesting the trial court to make written findings of fact and conclusions of law is to "narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." 6 McDonald & Carlson, TEXAS CIVIL PRACTICE 2d § 18:3 (1998). Absent a narrowing of the bases for the trial court's judgment, an appellant is forced to broaden his appeal to attack all possible findings the trial court conceivably could have made.

*Larry F. Smith, Inc.*, 110 S.W.3d at 614. But Primestar "has not pointed out, and we do not see, how the trial court's failure to make findings and conclusions caused [Primestar] to guess at the basis for the court's ruling or prevented [it] from properly presenting [its] case to this Court." *R.H.*, 339 S.W.3d at 766.

In a de novo review of a plea to the jurisdiction, an appellate court "must exercise its own judgment to determine each issue, and so cannot consider findings and conclusions even if they are included in the record." *F-Star Socorro, L.P.*, 324 S.W.3d at 175. "[R]egardless of the trial court's subjective basis for its decision, a party challenging a ruling on a plea [to the jurisdiction] must address all independent grounds, and demonstrate that none support the court's decision." *Id.* Here, as we have discussed, Primestar's lack of standing was an independent ground supporting the trial court's decision. In our de novo review, we have considered Primestar's arguments and the record relevant to this issue and concluded that no fact issue exists as to the trial court's

–10–

jurisdiction. Accordingly, we conclude the appellate record affirmatively shows that Primestar did not suffer any injury by reason of the trial court's failure to make findings and conclusions. *See R.H.*, 339 S.W.3d at 766. We decide Primestar's fifth issue against it.

**CONCLUSION**

We affirm the trial court's order dismissing the case for want of jurisdiction.


/Leslie Osborne/
LESLIE OSBORNE
JUSTICE


171447F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PRIMESTAR CONSTRUCTION, INC., Appellant

No. 05-17-01447-CV          V.

CITY OF DALLAS, TEXAS, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-05460.
Opinion delivered by Justice Osborne; Justices Myers and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee City of Dallas, Texas recover its costs of this appeal from appellant Primestar Construction, Inc.

Judgment entered this 5th day of March, 2019.