**Supplemental Memorandum Opinion Filed December 11, 2019**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01499-CV

## IN RE THE HONORABLE SUZANNE WOOTEN, Relator

**Original Proceeding from**
**Collin County, Texas**

## SUPPLEMENTAL MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Evans
Per Curiam Opinion

On December 9, 2019, we denied relator, Susanne Wooten's, December 6, 2019 petition for writ of mandamus and emergency motion for temporary relief in which Wooten sought an order compelling respondent, Mark Reid, in his capacity as Collin County Republican Party Chairman ("County Chair"), to place her on the ballot for the Republican primary as a candidate for the 401st Judicial District Court of Texas. We did so in a summary opinion in deference to the short time limits imposed on parties to pursue further relief in ballot access litigation as we explained in *In re Jones*, No. 05-28-0065-CV, 2018 WL 549531 (Tex. App.—Dallas Jan. 24, 2018, orig. proceeding) (per curiam) (memo. op.). We now supplement our memorandum opinion of December 9, 2019, to more fully explain why the Court was compelled to deny Wooten's petition for writ of mandamus.

Wooten's petition arises from an administrative body's declaration that she is ineligible to be a candidate for the office of District Judge. Accordingly, this mandamus proceeding is similar to other proceedings where we are limited to a review of the face of the record.

On November 7, 2019, Wooten submitted her Application for a place on the Republican Party General Primary Ballot for the office of District Judge, 401st Judicial District Court of Texas, located in Collin County, Texas. On November 25, 2019, the Chair of the Collin County Republican Party delivered a declaration to Wooten notifying her that she is ineligible for a place on the primary ballot.[1] This mandamus proceeding followed on Friday, December 6, 2019.

The County Chair's responsibilities regarding any candidate's application for a place on the ballot is set out in section 145.003 of the Texas Election Code. *See* TEX. ELEC. CODE ANN. § 145.003. Subsection (g) to section 145.003 provides that the County Chair must review whatever public record is presented related to the eligibility of a candidate and must declare a candidate ineligible if the public record establishes ineligibility:

> When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. If the authority determines that the record establishes ineligibility as provided by Subsection (f), the authority shall declare the candidate ineligible.

*Id.* § 145.003(g). Subsection (f), provides the standard the County Chair must use when evaluating a public record is whether that record conclusively establishes ineligibility:

A candidate may be declared ineligible only if:

> (1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office; or

---

[1] In declaring Wooten ineligible for a place on the Republican Party Primary Ballot in March of 2020, the County Chair advised Wooten, "In short, Article 5, Section 7 of the Texas Constitution requires that a candidate for district judge ' . . . has been a practicing lawyer or a Judge of a court in this State, or both combined, for four (4) years next preceding his election . . .' As you know, your license to practice law was suspended from October 24, 2012 through June 7, 2017. To be eligible for the November 2020 general election, you must have been a practicing lawyer for the four years immediately preceding the election, which would have been from November 2016."

2

(2) facts indicating that the candidate is ineligible are conclusively established by another public record.

*Id.* § 145.003(f).

In addition to the general requirements for public office set out in section 141.001 of the Election Code,[2] section seven of article five of the Texas Constitution requires a candidate for District Judge to (1) be a citizen of the United States, (2) be a citizen of the State of Texas, (3) be licensed to practice law in the State of Texas, (4) for the 4 years immediately preceding the election, have been a practicing lawyer or a Judge of a Court in Texas or a combination of the two, and (5) have resided in the district for the 2 years immediately preceding the election. *See* TEX. CONST. art. V, § 7. A District Judge in Texas must also be at least 25 years of age. *See* TEX. GOV'T CODE ANN. § 24.001.

In determining whether a candidate is ineligible, the County Chair is not permitted to consider facts that are not contained in the public record. *See Witherspoon v. Pouland*, 784 S.W.2d 951, 954 (Tex. App.—Dallas 1990, orig. proceeding). We likewise are constrained to the limited mandamus record before us and are not permitted to expand the record by embarking on a fact finding mission, nor are we to engage in speculation as to whether facts outside the

---

[2] Section 141.001(a) provides:

To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must:
  (1) be a United States citizen;
  (2) be 18 years of age or older on the first day of the term to be filled at the election or on the date of appointment, as applicable;
  (3) have not been determined by a final judgment of a court exercising probate jurisdiction to be:
    (A) totally mentally incapacitated; or
    (B) partially mentally incapacitated without the right to vote;
  (4) have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities;
  (5) have resided continuously in the state for 12 months and in the territory from which the office is elected for six months immediately preceding the following date:
    (A) for a candidate whose name is to appear on a general primary election ballot, the date of the regular filing deadline for a candidate's application for a place on the ballot;
    (B) for an independent candidate, the date of the regular filing deadline for a candidate's application for a place on the ballot;
    (C) for a write-in candidate, the date of the election at which the candidate's name is written in;
    (D) for a party nominee who is nominated by any method other than by primary election, the date the nomination is made; and
    (E) for an appointee to an office, the date the appointment is made.

TEX. Elec. CODE ANN. § 141.001(a).

record could exist that would impact Wooten's eligibility. *See e.g., Ferris v. Carlson*, 314 S.W.2d 577 (Tex. 1958). To the extent there are any factual disputes as to a candidate's eligibility, they must be resolved in accordance with the comprehensive statutory regime governing injunctive relief to prevent violations of the Election Code, rather than in a mandamus proceeding. *See* ELEC. §§ 145.003(a), 273.081; *In re Cullar*, 320 S.W.3d 560, 564 (Tex. App.—Dallas 2000, orig. proceeding). Accordingly, on a petition for mandamus, we look solely to the public records that were before the County Chair and the statutes governing eligibility to serve as a District Judge to determine whether mandamus relief is warranted.

At the time the County Chair declared Wooten ineligible, public records relevant to her eligibility included Wooten's application, a Judgment of Suspension from the Texas Board of Disciplinary Appeals (BODA), a later Order Terminating Suspension, and information concerning Wooten maintained by the State Bar of Texas in its member directory. Those public documents establish the following.

Wooten was licensed to practice law in 1995. In 2011, she was convicted on nine counts of various crimes. Wooten was later exonerated of each of the convictions by Writ of Habeas Corpus in May 2017.

On October 24, 2012, BODA entered a Judgment of Suspension detailing its findings that each crime for which Wooten had been convicted was an "Intentional Crime" and "Serious Crime," suspending Wooten from the practice of law in the State of Texas until December 12, 2021, and requiring her to immediately surrender her Texas law license.[3] The judgment further ordered that during the term of suspension, Wooten "is prohibited from practicing law in Texas, holding herself out as an attorney at law, performing any legal service for others, accepting any

---

[3] The Texas Rules of Disciplinary Procedure require, as compulsory discipline, the disbarment or suspension of a member attorney who has been convicted of an Intentional Crime, when that conviction becomes final, or who has accepted community supervision, with or without an adjudication of guilt, for an Intentional Crime. *See* TEX. R. DISCIPLINARY P. 8.05–8.06.

fee directly or indirectly for legal services, appearing as counsel in any proceeding in any Texas court or before any Texas administrative body, or holding herself out to others or using her name, in any manner, in conjunction with the words 'attorney,' 'counselor,' or 'lawyer.'" Although Wooten's license had been suspended, her State Bar of Texas membership information listed no public disciplinary history. On June 7, 2017, BODA terminated suspension of Wooten's license to practice law. In doing so, it noted that on May 24, 2017, the 366th District Court in Collin County vacated all nine felony counts as void *ab initio*, declaring Wooten was acquitted of each and every allegation, following the Court of Criminal Appeals' determination in her co-defendants' cases that there was insufficient evidence to support the convictions because the allegations, even if true, were not crimes under Texas law. A copy of the Order on Wooten's First Amended 11.072 Writ of Habeas Corpus Declaring Actual Innocence as a Matter of Law was attached to BODA's Order Terminating Suspension. That 11.072 order provided, in part, that

> . . . any legal disabilities rendered against Applicant as a result of the convictions in this cause are VOID and ORDERED SET ASIDE and that Applicant be immediately provided all release and relief from those legal disabilities.

Wooten claims because her bar page stated she had no public disciplinary record and the convictions underlying her suspension were voided and any legal disabilities ordered set aside, the public records do not conclusively establish she was suspended until June 7, 2017 and, thus, the public records do not support a declaration of ineligibility. As to Wooten's Texas Bar page, we note that information contained therein is largely controlled by the lawyer and his or her diligence in updating the information. Moreover, if *another* singular document establishes ineligibility, the relevant statute requires that the governing authority declare the candidate

5

ineligible. Thus, Wooten's argument that her Texas Bar page somehow undermines the County Chair's decision is unavailing.

As to the district court's order on Wooten's writ of habeas corpus, while it clearly precipitated BODA's decision to terminate, not vacate, her suspension, it does not control over BODA's judgments with respect Wooten's bar membership status or speak to the separate question as to whether she was actually practicing law for the 4 years preceding the election. The State Bar Act gives the supreme court administrative control over the State Bar and provides a statutory mechanism for promulgating regulations governing the practice of law. *See* TEX. GOV'T CODE ANN. § 81.001–.115. The supreme court has delegated its power to regulate the practice of law to BODA. *See Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 575 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). A district court has no power to grant relief interfering with the exclusive authority of the supreme court, or BODA, acting as the supreme court's delegate. *Id.* Thus, even if the order on Wooten's writ of habeas corpus could be read to eliminate Wooten's suspension, it would not control over BODA's decision to terminate, versus vacate, her suspension because the district court is powerless to interfere with BODA's judgment in a disciplinary matter; assuming that distinction would be controlling of the licensure requirement. *See In re State Bar of Texas*, 113 S.W.3d 730, 733 (Tex. 2003); *see also, Goldberg*, 265 S.W.3d at 571, 577 (disbarred attorney's attempt to use a district court's order rendering underlying criminal conviction, made the basis for his disbarment, a nullity, completely releasing the attorney from all penalties and legal disabilities resulting from the offense or crime, setting aside and wiping away the verdict, and dismissing the prosecution to obtain a declaration concerning his bar membership status failed because it was an attempt to usurp the supreme court's exclusive authority to regulate the practice of law, specifically, its

authority to regulate the licensure, discipline, disbarment, and reinstatement of attorney's licensed in Texas). The last order both parties have brought to our attention is BODA's order terminating rather than vacating Wooten's suspension. Although BODA has the power to vacate, not just terminate, its disciplinary orders—*see Goldberg*, 265 S.W.3d at 577—either Wooten did not seek from BODA vacature of her suspension or did not challenge BODA's decision to terminate, rather than vacate, her suspension.

Next, Wooten claims the public records do not conclusively establish she was not practicing law during the suspension period because the Judgment of Suspension only prohibited her from practicing in Texas state courts, not federal courts or Indian tribal courts. Be that as it may, the practice of law requirement "can only be satisfied when that practice is conducted in conformity with the other statutes governing the practice of law." *In re Jones*, 978 S.W.2d 648, 652 (Tex. App.—Amarillo 1998, orig. proceeding [mand. denied]). The practice of law as pertains to Wooten's license and membership in the State Bar is defined without reference to whether her conduct is in state or federal court or Indian tribal courts. *See* TEX. GOV'T CODE ANN. § 81.101(a) (the 'practice of law' means the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined."). As we recited above, BODA ordered Wooten to not practice law in the broadest terms during the term of suspension, ordering Wooten "is prohibited from practicing law in Texas, holding herself out as an attorney at law, performing any legal service for others, accepting any fee directly or indirectly for legal services, appearing

7

as counsel in any proceeding in any Texas court or before any Texas administrative body, or holding herself out to others or using her name, in any manner, in conjunction with the words 'attorney,' 'counselor,' or 'lawyer.'" Because Wooten's license had been suspended, she could not practice law in Texas. *See In re Jones*, 978 S.W.2d at 652. Moreover, in determining whether a candidate is eligible, it is not the province of the County Chair to undertake an analysis of the practices of the candidate to determine whether he or she is actually a practicing lawyer. *See Ferris*, 314 S.W.2d at 579. Additionally, had Wooten been practicing law in any court, Texas state court or other court, while suspended, doing so would have been contrary to the face of the record before the County Chair and this Court.[4]

Finally, Wooten argues that the balance of the equities favors requiring her to be placed on the ballot. Wooten's equity argument ignores the fact that party officials are neither authorized to ignore facts reflected by a public record establishing disqualification of a proposed candidate, nor are they permitted to go outside the public record. *McClelland v. Sharp*, 430 S.W.2d 518, 522 (Tex. App.—Tex. App.—Houston [14th Dist.] 1968, orig. proceeding) (per curiam). Sitting in mandamus review from a narrow administrative determination, we likewise are not authorized to act outside the mandate of the provisions that govern candidate eligibility and we cannot judicially amend a statute, which is essentially what Wooten asks this Court to do. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015).

Having rejected Wooten's arguments concerning her Texas Bar page and the order on her writ of habeas corpus, and having concluded that this Court, like the County Chair, is constrained to consider whether *any* of the public records establish Wooten is ineligible to serve as a District Judge, we now address Wooten's Judgment of Suspension and the Termination of Suspension.

---

[4] We note that the local rules of federal courts require attorneys to notify the courts of state bar suspension and call for same.

These documents conclusively establish Wooten's license to practice law in the State of Texas was suspended from October 24, 2012 to June 7, 2017. An attorney whose license is suspended cannot be a practicing lawyer because without an active license the attorney is not a member in good standing with the Texas State Bar and any practice of law is prohibited. TEX. STATE BAR R. art. I(6), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. a.; *In re Jones*, 978 S.W.2d at 652–53. Accordingly, public records before the County Chair conclusively established Wooten had not been a practicing lawyer for the four years preceding the November 2020 election, and pursuant to the mandatory language "shall" in subsection (g) to section 145.003 of the Election Code, the County Chair was required to declare her ineligible and did so. ELEC. § 145.003(g).

Because Wooten failed to show she is entitled to the relief she seeks by writ of mandamus we denied her petition. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *see also, In re Pena*, 05-17-00209-CV, 2017 WL 2062274, at *2 (Tex. App.—Dallas Mar. 6, 2017, orig. proceeding).

PER CURIAM

191499SF.P05

9